506 So.2d 13 (1987)
Virgil L. YOUNG, Appellant,
v.
STATE of Florida, Appellee.
No. 86-461.
District Court of Appeal of Florida, Fifth District.
March 26, 1987.
Rehearing Denied April 28, 1987.
James B. Gibson, Public Defender, and James R. Wulchak, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Ellen D. Phillips, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
The defendant was charged with sexual battery on a person twelve years of age or older. § 794.011(5), Fla. Stat. (1983). Pursuant to section 92.53, Florida Statutes, the trial court permitted the State to videotape the victim's testimony for use at trial in *14 lieu of live testimony. After the victim's testimony was videotaped, the State amended its information to add Count II charging, based on the same factual event, a violation of section 800.04, Florida Statutes (Supp. 1984), an offense often known by the short but incomplete name of a "lewd assault." The defendant moved to dismiss the lewd assault charge on the ground that the use of the victim's videotaped testimony against him at trial would violate his due process rights and constitutional right to confront and cross-examine his accuser because the victim's testimony had been taken before he was charged with the lewd assault and before he knew that the elements of the lewd assault charges would be factual and legal issues at trial. The trial court denied this motion and the victim's videotaped testimony was used against defendant at trial. The jury convicted the defendant of simple battery as a lesser included offense of the sexual battery charge in Count I and also convicted him of the lewd assault charge in Count II. The defendant has appealed his lewd assault conviction. The battery conviction is not before us.
The trial court denied the defendant's motion to dismiss Count II because it found that the State's addition of the lewd assault charge after the defendant confronted and cross-examined the videotaped child witness "would not be prejudicial to the defendant inasmuch as a lesser burden of proof existed upon the State" in regard to the lewd assault charge. The state's burden of proof is the same as to all criminal charges  to convince the jury of the guilt of the accused beyond a reasonable doubt. The trial court may have been alluding to the 1984 amendment to section 800.04 in which the legislature has apparently attempted to make a consensual sexual penetration of a child under the age of sixteen years a violation of section 800.04(2), Florida Statutes (Supp. 1984).[1] Additionally, the Supreme Court of Florida in State v. Lanier, 464 So.2d 1192 (Fla. 1985), appears to have held that a male who engages in consensual sexual intercourse with a twelve year old girl is, as a matter of law, guilty of a violation of section 800.04, Florida Statutes, as section 800.04 existed both prior and subsequent to the 1984 amendment.
Part of the problem in this case is that Count II of the information charging lewd and lascivious assault does not allege sexual battery upon a child under the age of sixteen years under section 800.04(2), Florida Statutes (Supp. 1984). Instead, Count II uses language from section 800.04(1) alleging that the defendant did handle, fondle, or make an assault upon (a child under sixteen years of age in a lewd, etc., manner, without committing the crime of sexual battery) by inserting his penis into the vagina of [the child]. This is in effect the way the information was written in Lanier.[2] The only way for this information and the holding in State v. Lanier to be correct under section 800.04(1) is if sexual intercourse or sexual penetration,[3] as a matter of law, constitutes handling, fondling or assaulting as prohibited by section 800.04(1). If this is correct, then to have sexual intercourse with a consenting child twelve years of age or older but under sixteen years of age would violate section 800.04(1). That statutory offense would then be a lesser included offense of a charge under section 794.011(5), which requires *15 a sexual penetration of a nonconsenting person twelve years of age or older. This appears to be the necessary result of the holding in State v. Lanier, which the state argues is controlling.
We cannot reconcile that decision with prior law, including previous decisions from the supreme court. For that reason, we reluctantly follow it. Under Lanier, section 800.04, lewd assault is now a necessarily lesser included offense of section 794.011(5), sexual battery (with or without chastity and consent), in prosecutions where the victim is 12 to 16 years of age, as in the instant case.[4] Therefore, when the defendant in the instant case was charged with lewd assault in Count II, he had already been charged with lewd assault as a necessarily lesser included offense under Count I. Since the pleadings and evidence herein show that both counts refer to one factual event, the lewd assault charge was simply a redundant exposition of a lesser included offense of sexual battery, and therefore superfluous. As such, it should have been stricken by the trial court. But, the addition of Count II after defendant's only opportunity to confront and cross-examine the victim, while the victim's testimony was being videotaped for trial, added no element not already essential to the charge under section 794.011(5); therefore, the defendant's constitutional due process and confrontational rights were not violated.
Since there was only one event and, under Lanier, one crime charged (although it was erroneously broken down into two separate counts), there can be only one valid conviction. When two verdicts are returned for the same offense, it is the higher one which stands. Foster v. State, 286 So.2d 549 (Fla. 1973). This means the lewd assault conviction must be affirmed. We recognize that under this decision the battery conviction below is invalid, and subject to being set aside pursuant to a 3.850 motion at any time.
AFFIRMED.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] Apparently the legislature was surprised and embarrassed to learn from the district court's version of Lanier v. State, 443 So.2d 178 (Fla. 3d DCA 1983), that chapter 794, Sexual Battery, Fla. Stat. (1983), did not prohibit and punish sexual intercourse with an unchaste consenting twelve year old girl because non-consent is essential under § 794.011(5) and previous chaste character is generally essential under § 794.05. Rather than eliminating the consent and chastity elements under these statutes, or creating a new sexual battery offense not requiring non-consent or chastity, the legislature reacted by declaring that it always intended to prohibit such conduct under § 800.04, Fla. Stat., the "lewd assault" statute.
[2] The information in Lanier alleged the defendant did "handle, fondle or make an assault on [S] by engaging in sexual intercourse... ." Lanier v. State, 443 So.2d 178, 179 (Fla. 3d DCA 1983).
[3] The definition of sexual battery in § 794.011(1)(h), Fla. Stat. (1983).
[4] We note our decisions in Caulder v. State, 500 So.2d 1362 (Fla. 5th DCA 1986) and Hightower v. State, 488 So.2d 106 (Fla. 5th DCA 1986), review granted, No. 68,717 (Fla. Sept. 15, 1986) hold that § 800.04 is not a lesser included offense of sexual battery under § 794.011(2) but distinguish them because the children there were under 12 years of age.