523 So.2d 152 (1988)
STATE of Florida, Petitioner,
v.
Stanley James BARTON, Respondent.
No. 70738.
Supreme Court of Florida.
March 31, 1988.
Robert A. Butterworth, Atty. Gen. and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for petitioner.
James B. Gibson, Public Defender and Kenneth Witts, Asst. Public Defender, Daytona Beach, for respondent.
GRIMES, Justice.
We have for review Barton v. State, 507 So.2d 638 (Fla. 5th DCA 1987), because of apparent conflict with Pitts v. State, 425 So.2d 542 (Fla. 1983). We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution.
Stanley James Barton was convicted of attempted manslaughter,[1] aggravated battery *153 and the use of a weapon while committing a felony. All of the convictions arose from a single incident where Barton cut his victim across the neck with a single swipe of a hawk-billed knife. Barton appealed to the Fifth District Court of Appeal contending that the dual convictions for attempted manslaughter and aggravated battery violated his constitutional protection against double jeopardy. Finding that the two verdicts were inconsistent with each other because they involved mutually exclusive crimes, the fifth district affirmed the conviction for the lesser crime (attempted manslaughter  a third-degree felony) and reversed the conviction for the greater crime (aggravated battery  a second-degree felony). The state then petitioned this Court for review.
Convictions for attempted manslaughter and aggravated battery do not constitute double jeopardy because each crime contains a separate element not contained in the other. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Nevertheless, in Carawan v. State, 515 So.2d 161 (Fla. 1987), this Court recently considered the propriety of multiple convictions for the same conduct. We applied the principle of lenity to hold that "dual punishments for attempted manslaughter and aggravated battery arising from the single act ... are impermissible." Id. at 171. Consequently, the district court of appeal correctly ruled that Barton could not be convicted of both attempted manslaughter and aggravated battery.
We do not agree, however, that the greater rather than the lesser crime must be reversed. The district court of appeal held that when Barton was found guilty of attempted manslaughter, he was necessarily acquitted of aggravated battery despite the jury's separate verdict to the contrary. The court reasoned that the conviction for attempted manslaughter negated the absence of the intent to kill which the court conceived to be an element of aggravated battery.
We cannot accept this analysis. We are unaware that the absence of an intent to kill is an essential element of the crime of aggravated battery. The crimes of attempted manslaughter and aggravated battery are not mutually exclusive. Allison v. Mayo, 158 Fla. 700, 29 So.2d 750 (1947), the case relied upon by the district court of appeal, is inapplicable because there the conviction of the greater crime of breaking and entering was vacated only because the defendant had also been convicted of the lesser crime of entering without breaking on the same facts. Where one is convicted of two separate crimes arising out of the same incident, the greater crime will be vacated in those instances in which the conviction of the lesser crime has the effect of exonerating him of the greater. Redondo v. State, 403 So.2d 954 (Fla. 1981). However, a jury verdict of guilt will be set aside only when it is legally inconsistent with another. Pitts. Here, the verdict finding Barton guilty of attempted murder did not disprove his guilt of aggravated battery.[2]
In Carawan, the case was remanded to vacate either the attempted manslaughter or aggravated battery conviction. However, our decision to remand in that case was not meant as a statement that every case must be remanded when impermissible dual convictions have occurred. As in cases where double jeopardy is applied to dual convictions, Shade v. State, 400 So.2d 850 (Fla. 1st DCA 1981), there appears to be no reason why the lesser conviction should not be vacated since the defendant has been found guilty of both crimes.[3] Henceforth, when a Carawan analysis is applied and one of two convictions must fall, we hold that the convictions of the lesser crime should be set aside.
*154 We affirm the district court's holding to the extent that the dual convictions for attempted manslaughter and aggravated battery are impermissible. We quash that part of the decision concerning which conviction to vacate and remand with directions to reinstate the conviction of aggravated battery and to vacate the conviction of attempted manslaughter.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, BARKETT and KOGAN, JJ., concur.
SHAW, J., concurs in part and dissents in part with an opinion.
SHAW, Justice, concurring in part and dissenting in part.
I concur with that part of the majority opinion holding that the conviction for the lesser, not the greater, offense should be vacated. This is consistent with the rule in the standard jury instructions that the jury find guilt on the greater, not the lesser included, offense if both offenses are proven. For the reasons given in my dissent to Carawan v. State, 515 So.2d 161, 171 (Fla. 1987), I dissent from the holding that the rule of lenity should override the clear statement of legislative intent in section 775.021(4), Florida Statutes (1983), that separate offenses shall be separately punished.
NOTES
[1] This conviction resulted from a jury verdict on the charged crime of attempted first-degree murder.
[2] Because it is unnecessary to our decision, we do not decide the effect of Florida Standard Jury Instruction (Criminal) 2.08(a) upon the argument against inconsistent verdicts. See McKee v. State, 450 So.2d 563 (Fla. 3d DCA 1984).
[3] In cases involving convictions of both the greater and lesser included offenses, it is the lesser rather than the greater sentence which is vacated. See Russell v. State, 430 So.2d 617 (Fla. 2d DCA 1983); Ervin v. State, 419 So.2d 409 (Fla. 2d DCA 1982).