PER CURIAM. '
The appellant, J.M., appeals a juvenile court order adjudicating him a delinquent child based upon a finding that he committed armed robbery and petit theft.
The state filed a petition alleging that the appellant was a delinquent child because he committed armed robbery and pet-it theft. At the conclusion of the adjudicatory hearing, the court found that the appellant had committed the offenses and adjudicated him a delinquent. The court suspended the appellant’s commitment and placed him on community control. This timely appeal followed.
Although we find no merit in the appellant’s contention that the evidence was insufficient to sustain the court’s finding that he had committed an offense, we agree that the court erred in finding that he committed both offenses. The constitutional protection against double jeopardy prohibits multiple punishment for a single act. Carawan v. State, 515 So.2d 161 (Fla. 1987). Since it is undisputed that both the armed robbery and petit theft charges were based on a single act, the appellant could only be adjudicated a delinquent child for the armed robbery. See State v. Barton, 523 So.2d 152 (Fla.1988). We, accordingly, affirm the adjudication of delinquency, but remand for the entry of an amended order indicating that the adjudication is based only upon the armed robbery offense.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
SCHOONOVER, A.C.J., and FRANK and HALL, JJ., concur.