538 So.2d 926 (1989)
Tony Erwin SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 88-140.
District Court of Appeal of Florida, First District.
February 7, 1989.
*927 Michael E. Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Tony Erwin Smith appeals his conviction of aggravated assault, armed robbery, and use of a firearm during commission of a felony, and sentence to two consecutive three-year terms for the aggravated assault and armed robbery and one concurrent three-year term for the use of a firearm.
Smith contends he was denied the right to a fair trial when the state was allowed to use two peremptory challenges to excuse black jurors. The transcript of the jury selection shows that the state exercised its first peremptory challenge against prospective juror Samuel Denson who stated on voir dire that he was an eight-year resident of Jacksonville, worked as a warehouseman and forklift driver, and was divorced and had no children. In response to the state's challenge of Mr. Denson, defense counsel stated:
I want to go on the record to state that Mr. Denson was the only black man on the panel, and the state exercised their challenge on a black man.
The state exercised its second peremptory challenge against a white female, and exercised its third peremptory challenge against Mrs. Roberts, a black female, who stated on voir dire that she was a fifteen-year resident of Jacksonville, was employed by the Federal Reserve Bank of Jacksonville as a check processor, was divorced, and had three grown children. After the state's challenge of Mrs. Roberts, defense counsel stated:
Judge, we ask the report to reflect that Mrs. Roberts is a black female, and she is also employed at the Federal Reserve as a check processor, and fairly astute and seemed to answer the questions without any difficulty.
At the close of jury selection, defense counsel moved for a mistrial, and the following colloquy took place:
Mr. Metzger (Defense counsel): And I would also be asking for a mistrial based on what occurred there and I would like the record to clearly reflect that of the three jurors that were black that were in the possible area of being selected Mr. Boston without legitimate reason, or without expressing any grounds whatsoever, struck two of those jurors.
The Court: Leaving one black juror and one black alternate, didn't he?
Mr. Metzger: Yes, sir.
Mr. Boston (Counsel for the state): Your honor, I also add for the record the state only exercised three challenges and had ten challenges. We could have taken everybody throughout the panel who was black, but the state did not do so. In fact, the Public Defender exercised many, many challenges. That's why they were in the position they might have been in.
The Court: All right. The motion for a mistrial is denied.
In State v. Neil, 457 So.2d 481 (Fla. 1984), the supreme court held that prior to a shift of the burden to the state to show that it did not exercise peremptory challenges solely on the basis of race, defense counsel must make a timely objection, demonstrate on the record that the challenged persons are members of a distinct racial group, and demonstrate on the record the existence of a strong likelihood that the challenged persons were challenged solely because of their race. Here, defense counsel did not clearly articulate any objection when the state challenged Mr. Denson or Mrs. Roberts; rather, she merely went on record as noting that these prospective jurors had been challenged. The making of a "little statement for the record" is not a valid objection. See Robinson v. State, 498 So.2d 626 (Fla. 1st DCA 1986). Thus, these statements were not sufficient to satisfy the first Neil criterion that defense counsel make a timely objection. Furthermore, defense *928 counsel also failed to satisfy the third Neil criterion of demonstrating on the record the existence of a strong likelihood that the state challenged Mr. Denson and Mrs. Roberts solely on the basis of race. Because defense counsel failed to meet the standard set out in State v. Neil, the trial court did not err in failing to inquire into the state's motives for excluding Mr. Denson and Mrs. Roberts and correctly denied Smith's motion for mistrial.
Next, Smith contends that he was impermissibly convicted of the use of a firearm in the commission of an aggravated assault in violation of § 790.07(2), Florida Statutes (1987),[1] and aggravated assault with a deadly weapon without intent to kill, in violation of § 784.021(1)(a), Florida Statutes.[2] The same underlying act of using the firearm is the basis of both charges against Smith. To convict of aggravated assault, the state had to prove the essential element that the assault was made with the deadly weapon, i.e., by displaying or using the firearm. To convict of the use of a firearm in the commission of the felony of aggravated assault, the state had to prove the essential element that the defendant threatened to use the firearm while attempting to commit aggravated assault with that weapon. We find no ambiguity in the statutory language used by the legislature, and discern no legislative intent to impose two separate punishments for the single use of the firearm in committing the single aggravated assault. Rather, it is patently clear that section 790.07, read in its entirety, simply provides that the penalty for displaying or using any weapon, including a firearm, in the commission of a felony shall be enhanced over the penalty provided for the commission of that felony without the described weapon or firearm. For these reasons, the trial court erred in convicting Smith of both offenses. Hall v. State, 517 So.2d 678 (Fla. 1988).[3] The violation of § 784.021(1)(a), defining aggravated assault, being the lesser crime, the conviction of that offense must be set aside. State v. Barton, 523 So.2d 152 (Fla. 1988).
We need not address Smith's third point on appeal, whether the court erred in imposing consecutive three-year mandatory minimum sentences for the aggravated assault and armed robbery convictions, because our decision that the aggravated assault conviction must be set aside renders this issue moot. While we remand with instructions to the trial court to vacate the aggravated assault conviction, the court need not resentence Smith upon remand because vacation of this conviction will not affect the sentencing guideline range for the convictions of armed robbery and use of a firearm during commission of a felony.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
ERVIN and WENTWORTH, JJ., concur.
NOTES
[1] Section 790.07, Florida Statutes (1987), provides in part:

(1) Whoever, while committing or attempting to commit any felony or while under indictment, displays, uses, threatens, or attempts to use any weapon or electric weapon or device or carries a concealed weapon is guilty of a felony of the third degree, ...
Whoever, while committing or attempting to commit any felony or while under indictment, displays, uses, threatens, or attempts to use any firearm or carries a concealed firearm is guilty of a felony of the second degree, ...
[2] Section 784.021 provides:

(1) An "aggravated assault" is an assault:
(a) With a deadly weapon without intent to kill; or
(b) With an intent to commit a felony.
(2) Whoever commits an aggravated assault shall be guilty of a felony of the third degree, ...
[3] There is no reason in this case to resort to the type of statutory construction and analysis set forth in Carawan v. State, 515 So.2d 161 (Fla. 1987), because the statutory provisions in this case are patently clear and unambiguous. Such analysis is only appropriate and necessary where the statutory provisions involved are ambiguous and permit of two or more valid constructions to accomplish perceived legislative intent. Only in those circumstances should the court resort to the rule of lenity discussed in Carawan in determining which of the permissible constructions to apply.