540 So.2d 144 (1989)
James GIBBONS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-0763.
District Court of Appeal of Florida, Fourth District.
March 8, 1989.
Rehearing Denied April 5, 1989.
Richard L. Jorandby, Public Defender, and Margaret Good, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robert S. Jaegers, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Chief Judge.
Appellant, James Gibbons, appeals his sentence and raises two issues. He was convicted of aggravated battery, possession of a firearm during a felony and aggravated assault. After a trial resulted in conviction on those charges he entered a plea of nolo contendere to the additional pending charges of carrying a concealed firearm, resisting arrest with violence, driving under the influence of alcohol and driving with a suspended license.
*145 The state concedes error in the computation of appellant's sentencing scoresheet but suggests waiver in that the resulting sentence was neither an illegal sentence nor a departure sentence and no contemporaneous objection was made.
We find reversible error on this issue because the erroneous computation is one that is evident from the face of the record thus not requiring a contemporaneous objection to preserve the error for consideration on appeal. See State v. Whitfield, 487 So.2d 1045 (Fla. 1986). The result would be different if the sentencing error involved either factual matters not apparent or determinable from the record, see Dailey v. State, 488 So.2d 532 (Fla. 1986); or if the error did not affect the recommended range, see Brunson v. State, 489 So.2d 1159 (Fla. 1st DCA 1986).
The state correctly points out that the sentence actually imposed (various concurrent sentences which equate to a seven-year sentence) was within the recommended range that a correct computation would have generated. This is so because the appropriate range was five and one-half to seven years whereas the two-point error generated a range of seven to nine years. It is not clear from the record that the trial court was inclined to sentence appellant either at the low end of the sentencing range or at the high end. The sentence actually imposed was at the low end of what the trial court believed to be the recommended range. Thus, had the appropriate range been known to the trial court it is conceivable that a lesser sentence would have been imposed. Justice requires that appellant be afforded the opportunity for the trial court to make that determination on the basis of a correctly computed sentencing guidelines scoresheet.
The second issue raised by appellant involves analysis of the sentence and the underlying convictions in light of Carawan v. State, 515 So.2d 161 (Fla. 1987) and its progeny. The Carawan court held that when a defendant is charged under two statutory provisions that manifestly address the same evil and there is no clear evidence of legislative intent to impose multiple punishments, dual convictions are impermissible. In Carawan the court found impermissible, dual convictions for attempted manslaughter and aggravated battery. The principle of lenity exemplified by Carawan applies "only to separate punishments arising from one act, not one transaction." Id. at 170, n. 8 (emphasis original).
Conceding that appellant's position here parallels that of Carawan, the state argues that the nature of the punishment imposed for each of the two crimes in question should be taken into account in determining which is the "lesser offense" for the purpose of applying the analysis described in State v. Barton, 523 So.2d 152 (Fla. 1988). That case involved convictions of aggravated battery and attempted manslaughter, the latter of which was vacated. The court stated: "Henceforth, when a Carawan analysis is applied and one of two convictions must fall, we hold that the conviction of the lesser crime should be set aside." 523 So.2d at 153.
The two crimes of which Gibbons stands convicted, and to which the foregoing applies, are aggravated assault, a third-degree felony, and possession of a firearm during the commission of a felony, a second-degree felony. The fact that a three-year mandatory minimum sentence attaches to the first offense and not to the second does not, in our view, properly enter into a Barton analysis as to which of two offenses is "lesser." The appropriate yardstick is the offense, not the punishment.
We therefore vacate the conviction for aggravated assault and remand for the preparation of a corrected sentencing guidelines scoresheet and for resentencing.
GUNTHER, J., concurs.
STONE, J., dissents in part with opinion.
STONE, Judge, dissenting in part.
I dissent from that portion of the opinion that rejects any option by the state to have the judgment entered on the defendant's conviction for aggravated assault with a firearm, a third degree felony carrying a *146 mandatory minimum sentence. Judgment on that conviction, rather than on a second degree felony without a mandatory minimum, would result in a substantially longer sentence being served. Notwithstanding the wording in Barton, there is no reason why the trial judge, at the state's request, should not be allowed to impose judgment on the count that would result in the defendant receiving the toughest sentence. Nor is there any reason to allow the defendant to benefit from the lesser sentence simply because one of the two convictions cannot stand under Carawan. In all other respects, I concur in the opinion.