SHARP, Judge.
Smith appeals his convictions and sentences for aggravated assault with a deadly weapon without intent to kill[1] and possession of a firearm in the commission of a felony (specifically, the aggravated assault charge).[2] He was sentenced to two concurrent three-year terms of imprisonment. We affirm the firearm conviction, reverse the aggravated assault conviction and sentence, and remand for resentencing on the firearm offense.
The record establishes that on April 5, 1987 Smith drove to a gas station and entered a store. After leaving the store, he walked up to the victim, pulled out a gun, and held it at the victim’s side or arm. He spoke to the victim for approximately five minutes, and then got back into his car and drove away. The two criminal charges relate to the same five-minute interval during which Smith held a gun on the victim. The aggravated assault conviction was established by proof that Smith pointed a firearm at the victim. The use of a firearm in the commission of a felony conviction encompasses solely the same assault with the gun.
One of the two convictions must be vacated because multiple convictions in this case violate section 775.021(4), Florida Statutes (1987) and Carawan v. State, 515 So.2d 161 (Fla.1987). We do not rest our decision on double jeopardy grounds under the United States or Florida constitutions, which possibly could be invoked, because this case can be resolved on the basis of statutory interpretation and Florida case law.
In Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), the Court held that the federal double jeopardy provision does not prevent multiple punishments for the same offense in the context of a single trial, if the state legislature or Congress expressly authorizes it. One implication of language used by the Court in Missouri v. Hunter is that if a legislature does not expressly authorize multiple punishments for the same crime in a single trial setting, the federal double jeopardy provision will bar it.[3] However, such a case involving state law has yet to be decided. In Missouri v. Hunter, express intent for multiple punishments was found, and the United States double jeopardy provision was held inapplicable:
We are not bound by the Missouri Supreme Court’s legal conclusion that these two statutes violate the double jeopardy clause, and we reject its legal conclusion.
459 U.S. at 369, 103 S.Ct. at 673.
In Florida the state legislature has expressly stated it intends to apply a Block- *757 burger test to multiple punishments in a single trial setting. § 775.021(4)(a), Fla. Stat. (Supp.1988). Prior to the effective date of the amendment to that provision, an even broader legislative intent to bar multiple prosecutions was found by Cara-wan. Carawan applied a principle of lenity for a single criminal act which resulted in a single evil. It swept far broader than the Blockburger test.
Carawan’s principle of lenity was subsequently rejected by the Florida legislature when it enacted section 7, Chapter 88-131, Laws of Florida. But this amendment does not apply to offenses committed prior to its July 1, 1988 effective date.[4] The offenses in this case predate the statutory amendment. Thus Carawan and section 775.-021(4) bar conviction for both offenses in this case.[5] Even if the amendment were applicable to this case, the strict Blockbur-ger test would bar conviction and punishment for both crimes.
The next question to be resolved is which is the “lesser sentence” or “lesser crime” to be reversed. See State v. Barton, 523 So.2d 152, 153 (Fla.1988). Possession of a firearm in the commission of a felony is a second degree felony for which the potential maximum term of imprisonment cannot exceed fifteen years. Aggravated assault is a third degree felony for which the potential maximum term of imprisonment is five years. See § 775.082(3)(c) & (d), Fla.Stat. However, the aggravated assault crime carries a minimum mandatory sentence of three years, but the possession charge lacks a minimum mandatory sentence. Based on Smith’s “score” under the sentencing guidelines, the possession of a firearm charge results in a presumptive sentence of “any non-state” prison sanction. In sum, the dilemma in this case is that the actual guidelines punishment for the “greater felony” is less than that for the “lesser felony.”
Under these circumstances, the aggravated assault conviction should be vacated because it is the lesser “degree” crime. This is because under the possession count Smith could have been sentenced up to a term of fifteen years, if the guidelines so permitted or if reasons for departure existed. Whereas five years is the statutory maximum for the aggravated assault crime. This is the generally accepted method of distinguishing the greater from the lesser crime in a Carawan situation. In Isaac v. State, 134 So.2d 38, 39 (Fla. 2d DCA 1961), overruled on other grounds, Skov v. State, 292 So.2d 64 (Fla. 2d DCA), cert. denied, 298 So.2d 165 (Fla.1974), the court stated: “The character of the offense is determined by the nature of the punishment; the maximum punishment to which accused is liable to be subjected is the test by which the degree of the crime must be determined.” (emphasis supplied)
This dilemma was also addressed by our sister court in Gibbons v. State, 540 So.2d 144, 145 (Fla. 4th DCA 1989). The state argued that the “nature of the punishment” imposed for the two crimes should be taken into account in determining which is the lesser offense in applying the analysis set forth in Barton. The Fourth District rejected this view, holding that the “appropriate yardstick is the offense, not the punishment.” In his dissent, Judge Stone disagreed:
Notwithstanding the wording in Barton, there is no reason why the trial judge, at the state’s request, should not be allowed to impose judgment on the count that would result in the defendant receiving the toughest sentence. Nor is there any reason to allow the defendant to benefit from the lesser sentence simply because one of the two convictions cannot stand under Carawan.
Gibbons, 540 So.2d at 146. While we sympathize with Judge Stone’s viewpoint, we believe that the supreme court’s language *758 in Barton is controlling. However, we certify the following question as one which will have a great effect on the administration of justice:[6]
WHEN ONE OF TWO CONVICTIONS MUST BE REVERSED UNDER SECTION 775.021(4), SHOULD THE TRIAL COURT IMPOSE JUDGMENT ON THE COUNT THAT WOULD RESULT IN THE DEFENDANT RECEIVING THE LONGEST OR MOST SEVERE SENTENCE UNDER THE GUIDELINES OR OTHER APPLICABLE STATUTES (WITHOUT REGARD TO A POSSIBLE DEPARTURE SENTENCE) RATHER THAN THE LESSER DEGREE CRIME, WHICH CARRIES THE LEAST STATUTORY MAXIMUM SENTENCE?
Accordingly, we affirm Smith’s conviction for possession of a firearm in the commission of a felony and we reverse his conviction and sentence for aggravated assault. Because the aggravated assault conviction is vacated and it was calculated in the scoresheet used at sentencing, we remand for resentencing on the conviction for possession of a firearm in the commission of a felony.
AFFIRMED in part; REVERSED in part; and REMANDED.
COBB, J., concurs in result; concurs with certification of question to supreme court.
COWART, J., dissents with opinion.

. § 784.021(l)(a), Fla.Stat. (1987).

. § 790.07(2), Fla.Stat. (1987).

. The Court wrote:
[S]imply because two criminal statutes may be construed to proscribe the same conduct under the Blockburger test does not mean that the double jeopardy clause precludes the imposition in a single trial, of cumulative punishments pursuant to those statutes. The rule of statutory construction noted in Whalen [v. United. States, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980) ] is not a constitutional rule requiring courts to negate clearly expressed legislative intent. Thus far, we have utilized that rule only to limit a federal court’s power to impose convictions and punishments when the will of Congress is not clear. Here, the Missouri Legislature has made its intent crystal clear. Legislatures, not courts, prescribe the scope of punishments.
Where as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the ‘same’ conduct under Block-burger, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial.

. State v. Smith, 547 So.2d 613 (Fla.1989).

. In Carawan, the court stated:
The double jeopardy issue [under the state constitution] has not been raised in any case in which the legislature clearly, unambiguously and precisely stated an intent to punish the exact offense under separate statutory provisions and we do not reach this question today.
515 So.2d at 164. Similarly, we do not reach any state constitutional issue in this case.

. Art. V, § 3(b)(5), Fla. Const.; Florida Rule of Appellate Procedure 9.130(a)(2)(B)(ii).