DANIEL, Chief Judge.
Willard Harris appeals his convictions and sentences for two counts of aggravated assault with a firearm,[1] use of a firearm in the commission of a felony,[2] and possession of a firearm by a convicted felon.[3] We vacate the convictions for the two aggravated assaults, affirm the remaining convictions and remand for resentencing.
In the early morning hours of March 15, 1987, Harris was arrested by police officers Foley and Blais in his residence. While getting dressed, Harris retrieved a semiautomatic pistol and pointed it at the two officers. One officer ducked while the other officer drew his service revolver, pointed it at Harris and ordered Harris to drop his weapon. Harris then threw his pistol at the officer.
As a result of this incident, Harris was charged with two counts of aggravated assault (one for Foley and one for Blais) but only one count of the use of a firearm while committing or attempting to commit a felony “to-wit: Aggravated Assault, [Harris did] then and there in the presence of G. Blais or E.M. Foley, display, use, threaten or attempt to use a firearm, or carry a concealed firearm, to-wit: a handgun.” Harris was also charged with possession of a firearm by a convicted felon. The jury found Harris guilty as charged. The trial court entered judgment on the jury’s verdict and then sentenced Harris on all charges.
On appeal, Harris argues that, under Ca-rawan v. State, 515 So.2d 161 (Fla.1987), he cannot be punished for both aggravated assault and use of a firearm in the commission of a felony. Since the offenses were committed prior to the effective date of the 1988 amendment to section 775.021(4), Florida Statutes,[4] we must apply the principles enunciated in Carawan. State v. Smith, 547 So.2d 613 (Fla.1989). Under those principles, dual punishments for aggravated assault and use of a firearm in the commission of a felony arising from a single act are impermissible. See Gibbons v. State, 540 So.2d 144 (Fla. 4th DCA 1989); Neal v. State, 527 So.2d 966 (Fla. 5th DCA 1988); *1184 Cardwell v. State, 525 So.2d 1025 (Fla. 5th DCA 1988).
In State v. Barton, 523 So.2d 152 (Fla. 1988), the Florida Supreme Court held that when a Carawan analysis is applied and one of two convictions must fall, the conviction of the lesser crime must be set aside. See also Young v. State, 506 So.2d 13, 15 (Fla. 5th DCA 1987) (“When two verdicts are returned for the same offense, it is the higher one that stands.”) Use of a firearm in the commission of a felony is a second degree felony[5] and aggravated assault is a third degree felony.[6] Thus, the use of a firearm in the commission of a felony is the higher offense and the aggravated assault convictions must fall. See Smith v. State, 538 So.2d 926 (Fla. 1st DCA 1989). See also Gibbons; Neal; Cardwell.[7] We conclude that both aggravated assault convictions must be vacated in this case because the information charged the underlying felony of the firearm count in the disjunctive; that is, the information charged the underlying felony as being either the aggravated assault on Officer Blais or the aggravated assault on Officer Foley. Since the underlying felony was charged in the disjunctive, we are unable to ascertain which aggravated assault the jury relied on in reaching its verdict on the firearm charge. If we were to strike only one count of aggravated assault, as urged by the state, Harris would still have a viable argument under Cara-wan as to the other aggravated assault.
AFFIRMED in part; VACATED in part; REMANDED.
ORFINGER, M., Judge, Retired, concurs.
COWART, J., dissents with opinion.

. § 784.021(l)(a), Fla.Stat. (1985).

. § 790.07(2), Fla.Stat. (1985).

. § 790.23, Fla.Stat. (1985).

. See Ch. 88-131, § 8, Laws of Fla.

. Section 790.07 provides in part:
******
(2) Whoever, while committing or attempting to commit any felony or while under indictment, displays, uses threatens, or attempts to use any firearm or carries a concealed firearm is guilty of a felony of the second degree, ...

. Section 784.021 provides:
(1) An "aggravated assault” is an assault:
(a) With a deadly weapon without intent to kill; or
(b) With an intent to commit a felony.
(2) Whoever commits an aggravated assault shall be guilty of a felony of the third degree,
[[Image here]]

.But see Musico v. State, 545 So.2d 964 (Fla. 1st DCA 1989) (conviction for use of a firearm in the commission of a felony set aside on double jeopardy grounds where defendant also convicted of aggravated assault with a firearm arising from a single act).