COWART, Judge,
dissenting.
By nature, character and definition, the offense of use of a firearm in the commission of a felony as proscribed by section 790.07(2), Florida Statutes, is an offense which is dependent upon, and subordinate and ancillary to, another felony offense which other felony is, in legal substance and contemplation, necessarily an essential underlying primary offense without regard to the maximum punishment provided by statute for the commission of each criminal offense. For this reason, when for substantive legal reasons (constitutional rights or statutory restrictions such as those contained in section 775.021(4), Florida Statutes (1987)), convictions for both the ancillary firearm offense and the necessarily underlying primary offense cannot be affirmed, I cannot agree with the majority opinion that the primary offense rather than the ancillary firearms offense must be vacated because of State v. Barton, 523 So.2d 152 (Fla.1988) and Young v. State, 506 So.2d 13 (Fla. 5th DCA 1987), rev. denied, 515 So.2d 231 (Fla.1987). For further discussion, see the dissent in Smith v. State, 548 So.2d 755, 758 (Fla. 5th DCA 1989).
Under the guideline sentencing rule, there is now even less logic for making judicial decisions on the basis of a comparison of statutory punishment because the punishment authorized by statute does not make any practical difference. Under guideline sentencing, to disregard substantive differences between criminal offenses in favor of comparing statutory degrees of punishment leads to anomalous and illogical results. Take this case for example: based on one scoresheet this defendant was *1185 sentenced for three third degree felonies and two second degree felonies. On his Category Four seoresheet, the three third degree felonies were scored under “I. Primary offense at conviction” and assigned 95 points while the two second degree offenses were scored as “II. Additional offense at conviction” for 25 points. These two parts, totalling 120 points, were added to 125 points scored for other factors for a total of 245 points which fell into the 229-253 point range for a recommended incarceration range of 7-9 years. Under the majority opinion, apparently the two second degree felony offenses will now be scored on a Catagory Eight seoresheet under “I. Primary offense at conviction” at 54 points and the one remaining third degree felony offense will be scored under “II. Additional offense at conviction” at 3 points. These two parts, then totalling 57 points, when added to the 125 points scored for other factors will total 182 points which will increase the point range to 158-193 and increase the recommended incarceration range to 9-12 years. This means that by successfully appealing a violation of his constitutional double jeopardy rights, having two felony convictions vacated and his case remanded for resentencing, the defendant has succeeded in increasing his recommended guideline incarceration sentencing range from 7-9 years to 9-12 years.[1] How better can the law discourage appellate review of, and relief from, the violation of constitutional rights? The result of the majority view does not speak too well for the present state of constitutional law, appellate review and the sentencing guidelines.[2]
A three year mandatory minimum sentence under section 775.087(2), Florida Statutes, was imposed on the defendant in this case as to each of the aggravated assault convictions which the majority opinion vacates, but such a mandatory minimum sentence was not imposed on the firearms offense. Another consequence of vacating the two primary aggravated assault offenses rather than the single ancillary firearms offense results in a paradoxical comparison of apples and bananas, ie., under Barton and Young and guideline sentencing, which is the greater and which is the lesser: two third degree felonies each subject to three year mandatory minimum provisions or one second degree felony without ■ a mandatory minimum provision? A decision affirming the two primary convictions for aggravated assault and vacating the ancillary firearms conviction would not only be in accordance with the better analysis of the theoretical substantive relationships between the offenses in question but would also, as a practical matter, lead to a more logical and just sentencing result under the controlling guideline sentencing rule and the statute providing for mandatory minimum sentences.

. It is no compliment to the result in this case that North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) constitutes some limitation on increased punishment that can be imposed on resentencing after an appeal and remand. See abo Smith v. State, 536 So.2d 1021 (Fla.1988).

. For comparison of the result of the differences in analysis presented by the two views in this case: if only the ancillary firearms offense is vacated, the number of second degree felony offenses under "II. Additional offense at conviction” will be reduced from two to one reducing the present 25 points to 21 points. This 4 point reduction (from 245 points to 241 points) changes neither the point range nor the sentencing incarceration range in this case, and would not increase authorized punishment as a result of successfully seeking appellate relief for a violation of constitutional rights.