SCHWARTZ, Chief Judge.
This case involves a no-doubt unanticipated consequence of the co-existence of the Carawan doctrine[1] and the sentencing guidelines. Bogan was found guilty of the separate crimes of aggravated assault with a firearm and the possession of a firearm in the commission of the aggravated assault. Since the two offenses involve the same criminal conduct, Carawan forbids the conviction of both and, along with State v. Barton, 523 So.2d 152 (Fla.1988), requires that the lesser be set aside. The issue here is which offense is the greater and which the" lesser of the two. It arises because, while aggravated assault is a third degree felony with a maximum legal term of five years, factoring Bogan’s past record into the sentencing guidelines score sheet applicable to aggravated assault (category four covering violent personal crimes) yields a recommended sentence of 27-40 years. On the other hand, although possession of a firearm in the commission of a felony is a second degree felony with a maximum sentence of fifteen years, the guidelines score sheet applicable to the possession charge as the primary offense (category eight covering weapons crimes) results in a much shorter recommended sentence of between five and one-half and seven years. The trial court determined to adjudicate Bogan under the aggravated assault charge and entered no conviction or *1172 sentence for possession. After, in effect, doubling the potential sentence by applying the habitual offender act, § 775.084, Fla. Stat. (1987), the court thereupon imposed a maximum sentence of ten years, well within the aggravated assault guidelines. In this appeal, the defendant primarily argues that the possession charge was the greater offense, and that consequently he could be sentenced to no more than the seven year maximum under the guidelines applicable to that crime. We disagree with the defendant’s position.
Notwithstanding that our determination is contrary to the decisions in Gibbons v. State, 540 So.2d 144 (Fla. 4th DCA 1989) and Smith v. State, 548 So.2d 755 (Fla. 5th DCA 1989), we conclude that the “greater” of the two Carawan offenses is the one which results in the greater sentence or punishment — here, the aggravated assault — rather than the crime which occupies a higher position on the merely theoretical ladder of seriousness.[2] The dissenting opinion of Judge Stone in Gibbons succinctly and accurately expresses our view in this regard:
I dissent from that portion of the opinion that rejects any option by the state to have the judgment entered on the defendant’s conviction for aggravated assault with a firearm, a third "degree felony carrying a mandatory minimum sentence. Judgment on that conviction, rather than on a second degree felony without a mandatory minimum, would result in a substantially longer sentence being served. Notwithstanding the wording in Barton, there is no reason why the trial judge, at the state’s request, should not be allowed to impose judgment on the count that would result in the defendant receiving the toughest sentence. Nor is there any reason to allow the defendant to benefit from the lesser sentence simply because one of the two convictions cannot stand under Carawan.
Gibbons, 540 So.2d at 145-46 (Stone, J., dissenting in part).
This conclusion is supported not only by what we think is the common sense of the .situation, but also by the language[3] of many decided eases. First of all, it seems perfectly obvious that no one, least of all a convict, cares very much that he has been branded a second rather than a third degree felon so long as, reaching the bottom line, he serves less time for the former than the latter. Reflecting this, even Ca-rawan itself expresses its basic conclusion as holding that “dual punishments for attempted manslaughter and aggravated battery arising from the single act ... are impermissible.” Carawan, 515 So.2d at 171 (emphasis supplied), quoted in State v. Barton, 523 So.2d at 153; see Jenrette v. State, 390 So.2d 781, 781 (Fla. 3d DCA 1980) (“Because of the manifestly more severe consequences of aggravated battery, we conclude that it is the “greater” of the two crimes_” [e.s.]) (footnotes omitted); see also State v. Barton, 523 So.2d at 153 n. 3 (“In cases involving convictions of both the greater and lesser included offenses, it is the lesser rather than the greater sentence which is vacated.” [e.s.]). Moreover, the fact that one of the very foundations of the guidelines is that the calculation which results in the highest sentence must be applied, see Fla.R. Crim.P. 3.701 d.3, argues most persuasively against a result which applies the lesser penalty instead.
Approaching the issue from another direction, it must be pointed out that it is entirely within the prosecutor’s discretion *1173 whether to bring the possession charge at all. See State v. Cogswell, 521 So.2d 1081 (Fla.1988); Madrigal v. State, 545 So.2d 392 (Fla. 3d DCA 1989). If Bogan had been charged with and convicted only of aggravated assault (or even found not guilty of possession by a jury), there would be no question of the propriety of his being sentenced as he was below.[4] It simply boggles the mind, therefore, even to suggest that the defendant may be placed in a better position, as he vehemently contends, by virtue of having been convicted of an additional offense.[5]’[6] Accordingly, we conclude that the trial judge properly entered judgment and sentence on the aggravated assault rather than the possession charge.[7]
Both sides agree that the determination of habitual offender status made below was defective because of the absence of written or oral findings of fact. § 775.084, Fla.Stat.(1987); Walker v. State, 462 So.2d 452 (Fla.1985); Donaldson v. State, 519 So.2d 737 (Fla. 3d DCA 1988).[8] The cause is therefore remanded for resentencing on this ground.
Affirmed in part, reversed in part.
BARKDULL, J., concurs.

. Carawan v. State, 515 So.2d 161 (Fla.1987).

. Although this approach makes it unnecessary for us to directly rule upon the issue, we are also attracted by Judge Cowart’s penetrating analysis in the Smith dissent of the purely legal issues which arise from simultaneous convictions of substantive and possession charges. Of course, adoption of his view would lead to the same result as ours. Since our high court will have the entire case before it pursuant to our certificate that the decision is in direct conflict with Gibbons and Smith, Judge Cowart's opinion will also be ripe for its consideration.

. We acknowledge that, since the courts, up to Gibbons and Smith, have not been confronted with the present issue in which the higher degree of a statutory offense carries the lessor guidelines sentence, the language in previous cases must, to a degree, be wrenched out of context to apply to this problem.

. Indeed, there seems to be no restriction upon the state attorney's prerogative to abandon a particular prosecution at any stage of the proceedings, even post-verdict. Obviously, the defendant cannot be heard to complain — or has not until Gibbons and Smith — of his being acquitted of an additional possible charge. One must wonder whether some new constitutional principle (of "lenity"?) is now afoot, requiring that a particular charge be brought, and successfully so, against a defendant so that, when convicted, he may then receive a lesser punishment than otherwise.

. At oral argument, defense counsel suggested that this absurd result was all right because it stemmed from the prosecution’s having made a "mistake.” In order to have consequences favorable to the defendant, however, such a "mistake” must result in an adverse effect upon his protectable rights. Just the opposite is true of the present situation.

. See supra note 4.

. We specifically certify to the supreme court that this decision is in conflict with Gibbons and Smith.

. It is also agreed that the aggravated assault sentence was inadvertently suspended by the trial judge due to a clerical error which shall be corrected after remand.