CANADY, J.,
dissenting.
Because I conclude that any error here in failing to instruct the jury regarding section 812.025, Florida Statutes (2008), *535 was harmless, I would approve the result reached by the Second District Court.
Section 812.025 is most reasonably understood in relation to the rule of construction in section 775.021(4)(a), Florida Statutes (2008). The general rule established by section 775.021(4) is that offenders are to be “sentenced separately for each criminal offense” committed “in the course of one criminal transaction or episode.” But this rule is subject to three exceptions: “1. Offenses which require identical elements of proof. 2. Offenses which are degrees of the same offense as provided by statute. 3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.” § 775.021(4)(b), Fla. Stat. (2008). In enacting section 812.025, the Legislature established an additional specific exception from the general rule of separate sentences for each criminal offense for circumstances where the offenses of “theft and dealing in stolen property” are committed “in connection with one scheme or course of conduct.”
The exception established by section 812.025 should be treated in a manner similar to the exceptions enumerated in section 775.021(4). As reflected on the standard verdict form, Florida Standard Jury Instruction (Crim.) 3.12, if a jury “return[s] a verdict of guilty, it should be for the highest offense which is been proven beyond a reasonable doubt.” Where a jury returns impermissible dual convictions, “the conviction of the lesser crime should be set aside.” State v. Barton, 523 So.2d 152, 153 (Fla.1988); see also Pizzo v. State, 945 So.2d 1203, 1206 (2006) (‘When an appellate court determines that dual convictions are impermissible, the appellate court should reverse the lesser offense conviction and affirm the greater.”). Here, there is no suggestion that the trial court failed to set aside the conviction for the lesser offense.
There is no basis for concluding that section 812.025 — any more than section 775.021(4) — is designed to allow the jury to return a verdict for a lesser offense when it has determined beyond a reasonable doubt that the evidence supports a conviction for the relevant greater offense. The jury here was properly instructed on the elements of the charged offenses. And judgment was properly entered against the defendant for dealing in stolen property based on the jury’s verdict convicting him of that offense — the greater of the two offenses for which a guilty verdict was returned. Any deficiency in instructing the jury with respect to section 812.025 did not taint the conviction for dealing in stolen property and did not in any way prejudice the defendant. Any such error is harmless beyond a reasonable doubt. There is no more harm here than there is under section 775.021(4) when impermissible dual convictions have been returned and the conviction for the lesser offense has been set aside.
The judgment entered against Williams should not be disturbed. I dissent.