CANADY, J.,
dissenting.
The majority concludes that Mr. Tuttle must be punished for his second-degree felony conviction rather than for his first-degree felony conviction because the first-degree felony (punishable by life) is a “lesser offense” than the second-degree felony. With this line of reasoning I cannot agree.
In concluding that Mr. Tuttle’s first-degree felony conviction must be set aside, the majority purports to rely on the “plain and ordinary meaning” of section 775.021(4)(b). But that statutory provision is silent regarding the remedy applicable when two convictions for the same criminal conduct are impermissible under the rule of construction set forth in the statute. The majority can identify no portion of the statutory text that specifies the remedy for impermissible convictions. Rather than relying on the plain language of the statute, the majority decision draws the inference that the label applied to an offense in the statute determines the remedy for a violation. This is untenable because it gives no consideration to the only cogent rationale for the rule we have previously announced regarding the remedy for impermissible dual convictions. Contrary to the majority’s analysis, determining the proper remedy is not a purely formalistic exercise in labeling.
The rule the Court announced in State v. Barton, 523 So.2d 152, 153 (Fla.1988), that “when impermissible dual convictions have occurred” “the conviction of the lesser crime should be set aside” is a rule that must have a rationale. Our previous failure to articulate such a rationale does not indicate that a rationale is lacking. The result reached by the majority in this case illustrates the dangers inherent in the judicial pronouncement of a rule unaccompanied by any reasoning regarding the basis for the rule. A judicially announced rule without an articulated rationale is susceptible to applications that are inconsistent with the unexplained reasons underlying the rule.
The only cogent rationale for remedying impermissible dual convictions by setting aside the conviction for the “lesser crime” is that a defendant should be subject to the most severe punishment that is warranted by the jury’s verdict. The Court’s failure to set forth a rationale in Barton is attributable to the obviousness of this rationale. Indeed, no alternative plausible rationale is apparent. Legislative intent in authorizing punishment is thwarted if the remedy for impermissible dual convictions *1254 prevents the defendant from being subjected to punishment to the fullest extent authorized by law under the jury’s verdict. There is no reason that the remedy provided for the impermissible dual convictions should result in a windfall for the defendant.
For purposes of determining the proper remedy, it is not reasonable to conclude that a first-degree felony (punishable by life) is a “lesser crime” than a second-degree felony. From any perspective other than the hyper-formalistic, what makes one crime “lesser” than another is the less severe punishment imposed for the “lesser” crime.
The majority correctly recognizes that we confront the “anomalous situation” where the offense whose elements are subsumed carries a greater punishment than the subsuming offense. The proper response to that anomaly is not to impose an anomalous remedy. Instead, the proper response is to recognize that the only cogent rationale for the rule that the conviction for the “lesser crime” be set aside requires that the “lesser crime” be determined by the severity of the sanction associated with crime.
I therefore would quash the decision of the Second District Court in Tuttle and approve the decisions of the other district courts that are in conflict with Tuttle. I would also recede from Pizzo to the extent that it is inconsistent with the rationale I have explained.