Crawford & Co. v. H. & G. Feder.—Opinion of Court.

CRAWFORD & CO., APPELLANTS, VS. H. & G. FEDER, APPELLEES.

The requirement that citation on appeal shall be served at least twenty-five days before the first day of a term of the Supreme Court, is answered by service on the 19th day of December, when the first day of the term falls on the 13th day of the succeeding January.

Appeal from the Circuit Court for Leon county.

Motion to dismiss appeal.

*R. W. Williams* for the motion.

No appearance, *contra*.

RANEY, C. J.:

This appeal was entered in October last, the citation was served on the 19th day of December, and the 13th day of the present month, January, was the first day of the pending term of this court. Rule 101 of the

Circuit Court Common Law Rules provides that the citation in law appeals shall be served in the same manner and with like effect as a writ of *scire facias ad audiendum orrores*, and the Statute, § 2, p. 843, McClellan's Digest. enacts that this writ shall be served at least twenty-five days previous to the first day of the term" of this court to which it is returnable. If either the day upon which the citation was served or the first day of the term, or return day, can be counted, the requirement of the statute has been met. The law is that one or the other of these days may be counted unless the statute calls for clear or entire days; which the language of this statute does not do, in our judgment, and according to the better authority. State vs. Town of Winter Park, 25 Fla., 375; Garner & Nevill vs. Johnson, 22 Ala., 494; Thomas vs. Afflick, 16 Penn., Sf., 14; Northrop vs. Cooper, 23 Kan., 432; Stebbins vs. Anthony, 5 Colorado, 348. Some courts count the day of service where the statute requires a certain number of days previous notice, and exclude the return day. Garner & Nevill vs. Johnson, Thomas vs. Afflick, *supra*; Northrop vs. Cooper, 23 Kan., 432; Hagerman vs. O. B. & S. Association, 25 O. St., 186; while others count the return day and exclude the day of service. State vs. Town Winter Park, 25 Fla,, 371; King vs. Justices, 4 N. & M. (30 Eng. Com. Law,) 380; Vairin vs. Edmondson, 5 Gilman, 270; Forsyth vs. Warren, 72 Ill., 68; whereas others hold that one day may be counted or the other omitted, without indicating

which is the better rule.   Den vs. Fen, 8 N. J. (Law),
303; Day vs. Hall, 12 N. J. (Law,) 203; Walsh vs.
Boyle, 30 Md., 263.   Our rule of court, Common Law
Rule 63, has provided that in all cases in which any
particular number of days, not expressed to be clear
days is prescribed by the rules of practice of the courts
the same shall be reckoned exclusively of the first day
and inclusively of the last, unless the last shall happen
to fall on Sunday or on certain other specified days,
and then the time shall be reckoned exclusively of the
last day also.   If it be that the language of the stat-
ute under consideration puts it beyond the influence
of the rule last mentioned and the authorities on
which the rule may be regarded as based, and that
consequently the first day of the term cannot be
counted, we still think that the day of service can be
counted upon the Alabama and Pennsylvania cases
first cited above, as in law in such cases a day is re-
garded as an indivisible point of time, (Bigelow vs.
Wilson, 1 Pick., 487; Kimm vs. Osgood, 19 Mo., 61;
Lang v. Phillips, 27 Ala., 311,) the law taking no no-
tice of fractions of a day except in questions of prior-
ity of rights, or conflicting rights.   Broom's Legal
Maxims, 142.

Counting the first day of the term and excluding the
day of service, or counting the latter day and excluding
the former, the citation was served in due time.   The
use of the expression in Driggs vs. Higgins, 19 Fla.,
103; as to *intervening days*, was not in our opinion

intended to conflict with this conclusion. Vairin vs. Edmondson, Forsyth vs. Warren, *supra*.

The motion is denied, and it will be so ordered.