464 So.2d 1192 (1985)
STATE of Florida, Petitioner,
v.
Jerome LANIER, Respondent.
No. 64853.
Supreme Court of Florida.
February 28, 1985.
Jim Smith, Atty. Gen. and Diane Leeds, Asst. Atty. Gen., Miami, for petitioner.
Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, Eleventh Judicial Circuit, Miami, for respondent.
*1193 ADKINS, Justice.
The following question has been certified as being of great public importance:
MAY A DEFENDANT WHO IS CHARGED BY INFORMATION ALLEGING THAT HE DID UNLAWFULLY HANDLE, FONDLE OR MAKE AN ASSAULT UPON A TWELVE-YEAR-OLD GIRL `BY ENGAGING IN SEXUAL INTERCOURSE' BE CONVICTED OF A VIOLATION OF SECTION 800.04, FLORIDA STATUTES (1981), WHERE THE UNDISPUTED FACTS REVEAL THAT THE TWELVE-YEAR-OLD WAS PREVIOUSLY UNCHASTE AND THE SEXUAL INTERCOURSE WAS CONSENSUAL?
The Third District Court of Appeal answered the question in the negative. Lanier v. State, 443 So.2d 178 (Fla. 3d DCA 1983). We have jurisdiction pursuant to Article V, section 3(b)(4), Florida Constitution, and we answer the question in the affirmative.
Section 800.04, Florida Statutes (1983), punishes lewd, lascivious or indecent assaults or acts upon or in the presence of a child. Shortly after the certification of this question, the Florida legislature convened and passed an amendment to section 800.04, which was designed to specifically cover the acts committed in the instant case.
Section 800.04 was amended, in part, to read:
(3) Neither the victim's lack of chastity nor the victim's consent is a defense to the crime proscribed by this section.
The legislature indicated its desire to correct the Third District Court of Appeal's misguided interpretation of the legislative intent behind section 800.04 by amending this section shortly after the question was certified. The preamble to chapter 84-86, Laws of Florida, amending section 800.04 notes:
WHEREAS, the intent of the Legislature was and remains to prohibit lewd and lascivious acts upon children, including sexual intercourse and other acts defined as sexual battery, without regard either to the victim's consent or of the victim's prior chastity.
(Emphasis added.)
We must apply section 800.04 as it existed at the time the allegedly lewd and lascivious acts occurred, prior to the enactment of the amendment. Further, we are not bound by statements of legislative intent uttered subsequent to either the enactment of a statute or the actions which allegedly violate the statute. However, we will show great deference to such statements, especially in a case such as this, when the enactment of an amendment to a statute is passed merely to clarify existing law. Cf. Williams v. Hartford Accident & Indemnity Co., 382 So.2d 1216, 1220 (Fla. 1980). (An amendment to a statute clarifying the scope of underinsured motorist insurance coverage did not alter the scope of such coverage as it existed prior to the enactment of the amendment because the amendment merely served to clarify the extent of coverage as it previously existed.)
Therefore, we hold that section 800.04 both prior to and subsequent to the 1984 amendment is violated when a male engages in sexual intercourse with a twelve-year-old girl despite the fact that the victim was previously unchaste and the sexual intercourse was consensual.
For the reasons stated, the decision of the district court is quashed and the cause is remanded with instructions to affirm the order of the trial court.
It is so ordered.
BOYD, C.J., and OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.