616 So.2d 117 (1993)
Robert M. KOLARIC, Appellant,
v.
STATE of Florida, Appellee.
No. 91-02342.
District Court of Appeal of Florida, Second District.
March 24, 1993.
*118 James Marion Moorman, Public Defender, and Robert M. Focht, Sp. Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
ALTENBERND, Judge.
Mr. Kolaric appeals his convictions for battery and sexual activity with a child subject to his custodial or familial authority. We affirm the battery conviction, but reverse the sexual activity conviction and remand that count for a new trial. Under the facts of this case, the trial court erred in failing to give a requested instruction explaining that lewd and lascivious conduct was a lesser offense of sexual activity by a custodial adult.
The victim was Mr. Kolaric's stepdaughter. She was born in mid-1976 and lived with the defendant until her mother divorced him in July 1990. For a short while thereafter, she occasionally visited him. The victim testified that Mr. Kolaric engaged in various sexual activities with her on a weekly basis from the time she was six or eight years old until September 1990.
In December 1990, the state charged Mr. Kolaric with one count of capital sexual battery for conduct occurring prior to the victim's twelfth birthday. On that count, the jury found him guilty of the lesser included offense of simple battery. We affirm that conviction without comment.
For conduct allegedly occurring between July and December 1990, Mr. Kolaric was charged with three counts of sexual activity with a child by a person in familial or custodial authority. § 794.041, Fla. Stat. (1989).
Section 794.041(2)(b), Florida Statutes (1989), punishes "[a]ny person who stands in a position of familial or custodial authority to a child 12 years of age or older but less than 18 years of age and who ... [e]ngages in sexual activity with that child... ." "Sexual activity" is defined as "the oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object." § 794.041(1), Fla. Stat. (1989). The willingness or consent of the child is not a defense to this first-degree felony. § 794.041(3), Fla. Stat. (1989).
At the jury instruction conference, defense counsel argued that his client was entitled to an instruction on the offense of lewd and lascivious act as a lesser included offense to these charges. Section 800.04, Florida Statutes (1989), pertaining to lewd and lascivious acts, punishes
[a]ny person who ...
(1) Handles, fondles or makes an assault upon any child under the age of 16 years in a lewd, lascivious, or indecent manner;
(2) Commits an act defined as sexual battery under s. 794.011(1)(h) upon any child under the age of 16 years... .
... .
without committing the crime of sexual battery... .
Section 794.011(1)(h), Florida Statutes (1989), defines "sexual battery" as "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by *119 any other object... ." This offense is a second-degree felony.
Defense counsel maintained the jury could decide that the evidence constituted only handling and fondling or that the jury could determine that Mr. Kolaric was not in a custodial capacity at the time of the event.[1] The trial judge decided that the crime of sexual activity with a child by a custodial adult had no necessary or permissive lesser offenses in this case. Thereafter, the jury found Mr. Kolaric not guilty on two counts of sexual activity and guilty on a third count.
It is well established that a defendant is entitled to a requested instruction on a permissive lesser included offense when both the pleadings and the evidence demonstrate that the lesser offense is included in the charged offense. Amado v. State, 585 So.2d 282 (Fla. 1991); State v. Daophin, 533 So.2d 761 (Fla. 1988); Wilcott v. State, 509 So.2d 261 (Fla. 1987). The information and evidence presented in this case support instructing the jury on lewd and lascivious act as a permissive lesser included offense of sexual activity with a child by a custodial adult.
With respect to the pleadings, count IV of the amended information alleges that "between the 1st day of July and the 6th day of December [1990]," Mr. Kolaric placed his penis into the victim's mouth "while [she] was 14 years of age and [he] was in a position of familial or custodial authority." As can be seen by comparing the above-quoted statutes, this allegation includes the charge of lewd and lascivious act because it claims that Mr. Kolaric engaged in conduct with a fourteen-year-old child that would be the crime of sexual battery but for the teenager's consent.
With respect to the evidence, there exists the possibility that this conduct did not involve familial or custodial authority. There is evidence that this event occurred after the divorce. A jury could decide that Mr. Kolaric was not the victim's stepfather at the time of the charged event and that he was not in a position of custodial authority at the time and under the circumstances of that event. Even if the weight of the evidence is overwhelmingly in favor of the state's charge, the defendant is entitled to an instruction on a lesser offense as to which there is any evidence. See, e.g., Amado, (where information alleged possession of drugs, and evidence of simple possession was not totally lacking, defendant was entitled to instruction on simple possession, even though overwhelming evidence established a trafficking quantity of drugs); Wilcott (defendant entitled to instruction on simple possession of marijuana as permissive lesser included offense where information charged introduction or possession of marijuana on grounds of state correctional facility and evidence showed amount of marijuana to less than twenty grams). Cf. Daophin (defendant charged with trafficking cocaine by delivery not entitled to instruction on simple possession as permissive lesser included offense because possession not included in trafficking charge as alleged in information). As the supreme court noted in Amado, "[w]e still allow juries to convict on lesser offenses under our recognition of the jury's right to exercise its `pardon power.'" 585 So.2d at 283 (citing State v. Wimberly, 498 So.2d 929 (Fla. 1986)). Cf. State v. Barritt, 531 So.2d 338 (Fla. 1988) (defendant charged with vehicular homicide not entitled to instruction on necessarily included offense of reckless driving where death unquestionably occurred; recognizing narrow exception in different treatment of instructions on necessarily lesser included offenses in homicide cases).
Because this information and the evidence included the offense of lewd and lascivious conduct within the charge of sexual activity with a child subject to custodial or familial authority, the trial court erred in refusing to give Mr. Kolaric's requested *120 jury instruction on this permissive lesser included offense. The permissive lesser included offense is only one step lower than the charge for which Mr. Kolaric was charged and convicted, and no other lesser offenses were included in the instructions. Accordingly, we reverse the judgment and sentence on count IV of the information and remand the matter for a new trial.
Affirmed in part, reversed in part, and remanded for new trial on count IV.
FRANK, A.C.J., and PATTERSON, J., concur.
NOTES
[1] We note that the defendant concedes that lewd and lascivious is not a necessarily included lesser offense, but only a permissive lesser offense. Cf. State v. Hightower, 509 So.2d 1078 (Fla. 1987) (lewd and lascivious conduct is not necessarily lesser included offense of sexual battery). We decide this case based upon the defendant's concession without expressly deciding whether it is correct.