648 So.2d 302 (1995)
Julian Max VELAZQUEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1883.
District Court of Appeal of Florida, Fifth District.
January 6, 1995.
Raymond L. Goodman, Orlando, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Kristen L. Davenport, Asst. Atty. Gen., Daytona Beach, for appellee.

ON MOTION FOR REHEARING
DIAMANTIS, Judge.
We deny rehearing but withdraw the prior opinion and issue the following in its place.
Julian Velazquez appeals the judgments and sentences in four cases in which he was convicted of multiple sexual offenses involving children. Although Velazquez raises several *303 issues on appeal, only one possesses merit. Specifically, in case number CR 92-6394, we are constrained to reverse Velazquez's convictions for two counts of capital sexual battery upon a person less than twelve years of age because the victim was not less than twelve years of age on the date of the offenses.
The information in case number CR 92-6394 charged Velazquez with two counts of capital sexual battery in that:
JULIAN VELAZQUEZ, a person eighteen (18) years of age or older, on the 5th day of June, 1992, in said County and State, did, in violation of Florida Statute 794.011(2), commit a sexual battery upon [the victim], a person less than twelve (12) years of age, and in furtherance thereof JULIAN VELAZQUEZ did with his mouth have union with the penis of [the victim].
Section 794.011(2) provides that:
A person 18 years of age or older who commits sexual battery upon, or injures the sexual organs of, a person less than 12 years of age in an attempt to commit sexual battery upon such person commits a capital felony, punishable as provided in ss. 775.082 and 921.141... .
§ 794.011(2), Fla. Stat. (1991) (emphasis added).
Velazquez filed a pretrial motion to dismiss both capital sexual battery counts on the ground that the victim was not "a person less than 12 years of age" because the victim's twelfth birthday was June 5, 1992, the same day the sexual batteries occurred. The state filed a traverse asserting that the victim was less than twelve years of age at the time of the offenses because the offenses occurred prior to 3:49 p.m. on June 5, 1992, and the victim was born at 3:49 p.m. on June 5, 1980. At the hearing on the motion to dismiss, the state asserted that the offenses occurred "around noon or one o'clock."[1]
The trial court denied Velazquez's motion to dismiss, concluding that, because the victim's birthday was June 5, 1980, "as long as the alleged conduct occurred on or before June 5, 1992 the alleged criminal activity falls within the ambit of this statute." The trial court erred in so ruling.
Chapter 794 of the Florida Statutes fails to define who is "a person less than 12 years of age" under section 794.011(2); however, section 2.01, Florida Statutes (1991), provides that the general common and statute laws of England in existence on July 4, 1776, remain in force in this state unless inconsistent with the Constitution and laws of the United States or with the acts of the Florida legislature. See In re Forfeiture of 1978 Chevrolet Van, 493 So.2d 433, 436-37 (Fla. 1986). In this case, because of the absence of any statutory law on this point, we must consider the common law in determining the victim's age at the time of the offenses. See Cate v. Oldham, 450 So.2d 224, 225 (Fla. 1984). See also State v. Brown, 443 S.W.2d 805, 807 (Mo. 1969).
In order to avoid disputes, the common-law rule regarding age does not recognize fractions of a day. See In re Harris, 5 Cal. 4th 813, 21 Cal. Rptr.2d 373, 391, 855 P.2d 391, 409 (1993); People v. Anderson, 108 Ill. App.3d 563, 64 Ill.Dec. 136, 142, 439 N.E.2d 65, 71 (1982); Parker v. State, 61 Md. App. 35, 484 A.2d 1020, 1021-22 (1984); State v. Brown, 443 S.W.2d 805, 806 (Mo. 1969); Ellingham v. Morton, 116 A.D.2d 1032, 498 N.Y.S.2d 650, 651 (N.Y. App. Div.), appeal denied, 67 N.Y.2d 607, 502 N.Y.S.2d 1025, 494 N.E.2d 112 (1986); State v. Clark, 84 Ohio App.3d 789, 618 N.E.2d 257, 258 (1993); Commonwealth v. Iafrate, 527 Pa. 497, 594 A.2d 293, 294 (1991).[2] Under the *304 common-law rule a person is deemed to have been born on the first minute of the day of his birth. See Harris, 21 Cal. Rptr.2d at 391, 855 P.2d at 409. In accordance with this principle, the common-law rule for determining a person's age is that a person reaches a given age at the earliest moment of the day before the anniversary of his birth. See Harris, 21 Cal. Rptr.2d at 390, 855 P.2d at 408; Parker v. State, 484 A.2d at 1022; State v. Brown, 443 S.W.2d at 807; Ellingham v. Morton, 498 N.Y.S.2d at 651; Commonwealth v. Iafrate, 594 A.2d at 294. See generally R.F. Martin, Annotation, Inclusion or Exclusion of the Day of Birth in Computing One's Age, 5 A.L.R.2d 1143 (1949). The underlying rationale for this rule is that a person is in existence on the day of his birth; thus, he has lived one year and one day on the first anniversary of his birth. See Harris, 21 Cal. Rptr.2d at 390, 855 P.2d at 408 (citing State v. Alley, 594 S.W.2d 381, 382 (Tenn. 1980)).[3]
While we conclude that under section 2.01 the common law controls in this case, we note that the modern trend is to adopt what has been described as the more commonsense rule that a person attains a certain age on that person's corresponding birthday. See Harris, 21 Cal. Rptr.2d at 391-93, 855 P.2d at 409-11; Ellingham v. Morton, 498 N.Y.S.2d at 651; Commonwealth v. Iafrate, 594 A.2d at 295. Like the common-law rule, the birthday rule does not recognize fractions of a day; thus, under the birthday rule a person attains a given age at 12:01 a.m. or at the beginning of the anniversary date of the person's birth. See Harris, 21 Cal. Rptr.2d at 391-93, 855 P.2d at 409-11; Ellingham v. Morton, 498 N.Y.S.2d at 651. See also Parker v. State, 484 A.2d at 1022; State v. Clark, 618 N.E.2d at 258.[4] Some state legislatures have preempted the common-law rule by enacting statutes which adopt the birthday rule. See Harris, 21 Cal. Rptr.2d at 390, 855 P.2d at 408.[5]
Here, Velazquez's motion to dismiss should have been granted because, under either the common-law rule or the birthday rule, the victim turned twelve before noon on June 5, 1992, the time the state alleged that the offenses occurred. Under the common-law rule, the victim turned twelve at the earliest moment on June 4, 1992, and under the birthday rule, the victim turned twelve at 12:01 a.m. on June 5, 1992.[6]
*305 In the event of our reversal of Velazquez's convictions under section 794.011(2), the state has requested that we enter judgments of conviction against Velazquez for the lesser offense of "sexual battery upon a person 12 years of age or older, without that person's consent." See § 794.011(5), Fla. Stat. (1991). In order for this court to grant this request, section 794.011(5) must be a necessarily lesser-included offense of section 794.011(2); i.e., all of the elements of section 794.011(5) must also be elements of section 794.011(2). See Gould v. State, 577 So.2d 1302 (Fla. 1991). See generally Brown v. State, 206 So.2d 377 (Fla. 1968). Because section 794.011(5) contains the additional element of lack of the victim's consent, the offense defined in that statute is not a necessarily lesser-included offense of section 794.011(2). Accordingly, we must deny the state's request to enter judgments of conviction under section 794.011(5). We also conclude that we cannot enter judgments of conviction for lewd, lascivious, or indecent assault or act upon or in the presence of a child under the age of sixteen years as set forth in section 800.04, Florida Statutes (1991), because section 800.04 is not a necessarily lesser-included offense of section 794.011(2). State v. Hightower, 509 So.2d 1078 (Fla. 1987).[7]
Accordingly, we vacate Velazquez's two convictions for capital sexual battery. In all other respects, we affirm Velazquez's convictions and sentences.[8]
AFFIRMED in part; REVERSED in part.
HARRIS, C.J., and THOMPSON, J., concur.
NOTES
[1] At trial, the state introduced evidence that the offenses occurred between 9:00 a.m. and 11:30 a.m.
[2] "In the space of a day all the twenty-four hours are usually reckoned, the law generally rejecting all fractions of a day, in order to avoid disputes." 2 William Blackstone, Commentaries *141 (emphasis in original). Although courts have made exceptions to this common-law rule, such as in cases involving priorities of deeds or liens filed on the same day, courts generally have not applied such exceptions in criminal cases. Parker v. State, 61 Md. App. 35, 484 A.2d 1020, 1022 (1984); State v. Brown, 443 S.W.2d 805, 806 (Mo. 1969). See also Crawford v. Feder, 27 Fla. 523, 525, 8 So. 642, 642 (1891) ("[A] day is regarded as an indivisible point of time, ... the law taking no notice of fractions of a day except in questions of priority of rights, or conflicting rights") (citations omitted). In this regard, we note that the Florida Supreme Court did not apply such an exception in Savage v. State, 18 Fla. 970 (Fla. 1882), a case relied upon by the state in the present case.
[3] In Commonwealth v. Iafrate, 527 Pa. 497, 594 A.2d 293 (1991), the court discussed the genesis of the common-law rule:

... [T]he rule that a person reaches a given age on the day preceding the anniversary of his birth can be traced to seventeenth century England. See Nichols v. Ramsel, 86 Eng.Rep. 1072 (K.B. 1677); Herbert v. Turball, 83 Eng. Rep. 1129 (K.B. 1663). See also 1 W. Blackstone, Commentaries *463 ("So that full age in male or female is twenty one years, which age is completed on the day preceding the anniversary of a person's birth ..., who till that time is an infant and so styled in law ..."); [citation omitted]. The rule developed as
an exception to the general rule of the common law for computation of time which excluded the first day and included the last... . The exception was a fiction introduced in the law apparently because the common law took no notice of fractions of a day... .
United States v. Tucker, 407 A.2d 1067, 1070 (App.D.C. 1979) (citations omitted).
Iafrate, 594 A.2d at 294-95.
[4] The modern practice is to look to a person's date of birth and not the hour of birth in determining the legal age for matters such as voting, driving an automobile, and drinking alcoholic beverages. See State v. Clark, 618 N.E.2d at 258.
[5] For example, the California legislature enacted a statute which calculates the age of majority from the first minute of the day on which a person is born to the same minute of the corresponding day on which the period of minority is completed. Harris, 21 Cal. Rptr.2d at 390, 855 P.2d at 408.
[6] The state contends that the trial court properly denied Velazquez's motion to dismiss on the authority of Savage v. State, 18 Fla. 970 (Fla. 1882), wherein the Supreme Court applied the common-law rule for computing time to hold that, in determining whether a criminal prosecution is barred by the statute of limitations, courts exclude the date the offense was committed and include the last day of the limitations period. Thus, the court concluded that a criminal indictment filed December 13, 1880, was not barred by the two-year statute of limitations where the offense was committed on December 13, 1878. The holding of Savage does not support the state's position in this case because, as noted in Commonwealth v. Iafrate, 527 Pa. 497, 594 A.2d 293, 294-95 (1991), the common-law rule for determining a person's age developed as an exception to, and is different from, the common-law rule for computing the time in which an act must be performed. See supra note 3.
[7] On the other hand, if the evidence adduced at trial can support a jury verdict of lewd and lascivious assault as set forth in section 800.04, then a trial court, if requested, must give an instruction on such offense as a permissive lesser-included offense of sexual battery under section 794.011(2). See King v. State, 642 So.2d 649 (Fla. 2d DCA 1994).
[8] On appeal, Velazquez also contended that the trial court erred in denying his motion to suppress items seized from boxes which Velazquez left in a storage room at a friend's residence. Law enforcement officers searched the boxes and seized the items after the friend consented in writing to a search of the storage room and its contents. We agree with the trial court's ruling that Velazquez's friend had authority to consent to such a search and that Velazquez had no expectation of privacy in his friend's residence. See United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974). See also Von Eichelberger v. United States, 252 F.2d 184 (9th Cir.1958); Johnson v. State, 519 So.2d 713 (Fla. 1st DCA 1988).

We also have considered Velazquez's contentions regarding the adequacy of the notice and the admissibility of evidence of other offenses committed by Velazquez against a different child under factually similar circumstances, and we find no merit in these contentions. See State v. Rawls, 19 Fla. L. Weekly $549, ___ So.2d ___ (Fla. Oct. 27, 1994). We likewise find no merit in Velazquez's contention that the trial court abused its discretion in limiting Velazquez's cross-examination of the victim's mother. The trial court permitted Velazquez to cross-examine the victim's mother regarding false accusations that the victim made against the mother, but the court properly prohibited Velazquez from inquiring into false accusations made by other persons against the victim's mother.