816 So.2d 175 (2002)
Travis WELSH, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-648.
District Court of Appeal of Florida, First District.
May 2, 2002.
Nancy A. Daniels, Public Defender, Richard M. Summa, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, Anne C. Toolan, Assistant Attorney General, Tallahassee, for Appellee.
ERVIN, J.
Travis Welsh raises numerous issues resulting from his convictions for the offenses of capital sexual battery on a person less than 12 years of age in violation of section 794.011(2)(a), Florida Statutes *176 (1997), and lewd and lascivious conduct, proscribed by section 800.04, Florida Statutes (1997). We affirm all points without discussion, except that urging the lower court erred in denying appellant's request to instruct the jury on lewd and lascivious conduct as a lesser offense to that of sexual battery.
This court has previously stated that one cannot be convicted of committing a lewd and lascivious act on a child less than 12 for conduct that also constitutes the offense of sexual battery. See Jozens v. State, 649 So.2d 322, 323 (Fla. 1st DCA 1995). Accord State v. Robinson, 771 So.2d 1256 (Fla. 3d DCA 2000); McGriff v. State, 526 So.2d 995 (Fla. 4th DCA 1988); Walker v. State, 464 So.2d 1325 (Fla. 5th DCA 1985). The appellant, however, relying on Velazquez v. State, 648 So.2d 302, 305 n. 7 (Fla. 5th DCA 1995) (on reh'g); King v. State, 642 So.2d 649 (Fla. 2d DCA 1994); and Kolaric v. State, 616 So.2d 117 (Fla. 2d DCA 1993), argues that he is entitled to the instruction as a permissible lesser included offense to sexual battery, because the jury could have rejected the testimony of state witnesses and decided that no sexual battery occurred, and it could have determined as well from the evidence that appellant was guilty only of a lewd and lascivious act. We cannot agree.
Initially, the Schedule of Lesser Included Offenses does not list the offense of lewd and lascivious act as a Category 2 (permissible lesser) crime. As the supreme court observed in In re Use By the Trial Courts of the Standard Jury Instructions in Criminal Cases, 431 So.2d 594, 597 (Fla.1981), the "schedule will be an authoritative compilation upon which a trial judge should be able to confidently rely." The exclusion of lewd and lascivious act from the list of lesser offenses should not be viewed as a mere inadvertent omission. Even before the schedule's adoption, the court had constructed the following analysis to determine whether a particular offense should be permissibly included within a greater offense: (1) whether the information specifically alleged all the statutory elements of the lesser offense, and (2) whether evidence presented at trial would support the lesser offense. See Brown v. State, 206 So.2d 377, 383 (Fla.1968). By operation of law, the information in the present case charging capital sexual battery could not also allege all of the statutory elements of lewd and lascivious conduct.
Appellant was accused of committing capital sexual battery in violation of section 794.011(2)(a), because he, as a person 18 years of age or older, placed his mouth on the vagina of the victim, a person less than 12 years of age. The allegations clearly comply with the definition of sexual battery, which, as set out in section 794.011(1)(h), describes such conduct as "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object." In defining the offense of a lewd and lascivious act, section 800.04, Florida Statutes (1997), has, by specifically excluding sexual battery as a means of perpetrating such act, removed sexual battery as an element involved in the commission of a lewd and lascivious act. The statute provides:
A person who:
(1) Handles, fondles, or assaults any child under the age of 16 years in a lewd, lascivious, or indecent manner;
(2) Commits actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sadomasochistic abuse, actual lewd exhibition of the genitals, or any act or conduct which simulates that sexual battery is being or will be committed upon any child under the age of 16 years or *177 forces or entices the child to commit any such act;
(3) Commits an act defined as sexual battery under s. 794.011(1)(h) upon any child under the age of 16 years; or
(4) Knowingly commits any lewd or lascivious act in the presence of any child under the age of 16 years,
without committing the crime of sexual battery, commits a felony of the second degree....
Thus, the above provisions make clear that the offenses of sexual battery and lewd and lascivious act are mutually exclusive, a conclusion the Florida Supreme Court reached in State v. Hightower, 509 So.2d 1078, 1079 (Fla.1987). Although the issue raised before the court in Hightower pertained solely to the question of whether a lewd and lascivious act was a necessarily included lesser offense to sexual battery, the court's analysis is broad enough to apply as well to its inclusion as a permissible lesser offense. Note the following:
[It] is evident that the phrase "without committing the crime of sexual battery" was included to differentiate between crimes of sexual battery and lewd and lascivious conduct. Had the phrase been excluded, a person having forcible sexual intercourse with a child under sixteen would be guilty of both crimes. As now worded, section 800.04 contemplates that if sexual activity takes place with a person under sixteen years of age which does not constitute the crime of sexual battery, the conduct is deemed to be lewd and lascivious. Thus, the unique language contained in the amendment to section 800.04 makes it clear that these particular crimes are mutually exclusive.
Id. (footnote omitted).
The crime of lewd and lascivious conduct cannot, therefore, by operation of law, be considered any category of lesser offense to sexual battery. The information clearly complies with the statutory definition of sexual battery in that oral union with a child's vagina falls within the definition of sexual battery as provided in section 794.011(1)(h), and, because the victim was less than 12 years of age, the act is sexual battery, regardless of consent. As a result, the two crimes are mutually exclusive by statutory definition, and one cannot be convicted of a lewd and lascivious assault for conduct that constitutes sexual battery.[1]
Because of our disposition, we certify conflict with two of the three cases appellant cited as supporting his position that he is entitled to an instruction advising the jury that a lewd and lascivious act may be considered a lesser offense to that of sexual battery, i.e., Velazquez v. State and King v. State. The remaining case he relies upon, Kolaric v. State, is distinguishable, and therefore not conflicting. In Kolaric, the defendant was convicted of the offense of sexual activitynot sexual battery. Sexual activity was a crime prohibited by section 794.041(2)(b), Florida Statutes (1989), which provided that "[a]ny person who stands in a position of familial or custodial authority to a child 12 years of age or older but less than 18 years of age and who ... [e]ngages in sexual activity with that child is guilty of a felony of the first degree." Subsection (1) of the statute defined the term "sexual activity" as meaning "the oral, anal, or vaginal penetration by, or union with, the sexual organ of *178 another or the anal or vaginal penetration of another by any other object."[2] Conduct formerly proscribed as "sexual activity" was later prohibited as sexual battery and included within the classification of offenses listed as sexual batteries. See § 794.011(8), Fla. Stat. (1997); Ch. 93-156, §§ 3, 27, at 911, 933, Laws of Fla. (making amendment effective as to crimes occurring on or after October 1, 1993).
Thus, because Kolaric was not convicted of sexual battery, but rather sexual activity, the exclusionary language found in section 800.04, barring from its ambit conduct which also constitutes the crime of sexual battery, did not preclude an instruction informing the jury that a lewd and lascivious act was a permissive lesser included offense to sexual activity. As a result, there is no conflict between Kolaric and this case. This distinction, however, does not apply to Velazquez v. State and King v. State. The defendants in both cases were charged and convicted of capital sexual battery, in violation of section 794.011(2)(a), Florida Statutes (1991), and were held to be entitled to instructions on lewd and lascivious assault as a permissive lesser included offense to capital sexual battery.[3]
AFFIRMED.
VAN NORTWICK and BROWNING, JJ., concur.
NOTES
[1] We express no opinion whether the same result would apply under the present version of section 800.04, Florida Statutes, which was amended as of October 1, 1999. See Ch. 99-201, §§ 6, 17, at 1187, 1211, Laws of Fla.
[2] This was also the definition of sexual battery found at section 794.011(1)(h), Florida Statutes (1989), which remains the same under the 1997 version of the statute, which we construe herein.
[3] In reaching their decisions, King specifically relied on Kolaric, and Velazquez on King.