850 So.2d 467 (2003)
Travis WELSH, Petitioner,
v.
STATE of Florida, Respondent.
No. SC02-1092.
Supreme Court of Florida.
June 12, 2003.
*468 Nancy A. Daniels, Public Defender, and Richard M. Summa, Assistant Public Defender, Second Judicial Circuit, Tallahassee, FL, for Petitioner.
Charles J. Crist, Jr., Attorney General, James W. Rogers, Tallahassee Bureau Chief, Criminal Appeals, and Anne C. Toolan, Assistant Attorney General, Tallahassee, FL, for Respondent.
PER CURIAM.
We have for review the decision in Welsh v. State, 816 So.2d 175 (Fla. 1st DCA 2002), which certified conflict with the decisions in Velazquez v. State, 648 So.2d 302 (Fla. 5th DCA 1995), and King v. State, 642 So.2d 649 (Fla. 2d DCA 1994). The conflict issue is whether lewd and lascivious conduct as set forth in section 800.04, Florida Statutes (1997), is a permissive lesser included offense of capital sexual battery[1] as set forth in section 794.011(2)(a), Florida Statutes (1997). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. We conclude, based on this Court's opinion in State v. Hightower, 509 So.2d 1078 (Fla.1987), that lewd and lascivious conduct is not a permissive lesser included offense of capital sexual battery, and thus, the defendant was not entitled to a jury instruction on the offense.[2]
By amended information filed October 13, 2000, Travis Welsh was charged with one count of capital sexual battery upon a person less than twelve years of age, by oral-vaginal contact in contravention of section 794.011(2)(a), Florida Statutes.[3] Welsh was also charged with lewd and lascivious assault of the victim by touching her breasts or vagina or both on occasions separate from the occasions underlying the charge of sexual battery in contravention of section 800.04(1), Florida Statutes.[4] A *469 jury trial was held. As to the capital sexual battery charge, the trial court instructed the jury on the lesser included offenses of battery, attempted sexual battery, and assault. The trial court denied Welsh's request for an instruction on lewd and lascivious conduct as a lesser included offense of the sexual battery charge. The jury returned verdicts of guilty on both charged counts. The trial court sentenced Welsh to the statutorily mandated term of life imprisonment without the possibility of parole for the offense of capital sexual battery, and a concurrent term of fifteen years' imprisonment for the offense of lewd and lascivious conduct.
Welsh appealed to the First District Court of Appeal, arguing that the jury should have been instructed on lewd and lascivious conduct as a permissive lesser included offense of capital sexual battery. Welsh relied on statements in King and Velazquez, which indicate that when a defendant is charged with sexual battery, if the evidence adduced at trial could support a jury verdict for lewd and lascivious conduct, the jury should be instructed on the lesser offense. See King, 642 So.2d at 649-50; Velazquez, 648 So.2d at 305 n. 7. The First District rejected Welsh's argument and affirmed his conviction, explaining its reasoning as follows:
This court has previously stated that one cannot be convicted of committing a lewd and lascivious act on a child less than 12 for conduct that also constitutes the offense of sexual battery. See Jozens v. State, 649 So.2d 322, 323 (Fla. 1st DCA 1995). Accord State v. Robinson, 771 So.2d 1256 (Fla. 3d DCA 2000); McGriff v. State, 526 So.2d 995 (Fla. 4th DCA 1988); Walker v. State, 464 So.2d 1325 (Fla. 5th DCA 1985). The appellant, however, relying on Velazquez v. State, 648 So.2d 302, 305 n. 7 (Fla. 5th DCA 1995) (on reh'g); King v. State, 642 So.2d 649 (Fla. 2d DCA 1994); and Kolaric v. State, 616 So.2d 117 (Fla. 2d DCA 1993), argues that he is entitled to the instruction as a permissible lesser included offense to sexual battery, because the jury could have rejected the testimony of state witnesses and decided that no sexual battery occurred, and it could have determined as well from the evidence that appellant was guilty only of a lewd and lascivious act. We cannot agree.
Initially, the Schedule of Lesser Included Offenses does not list the offense of lewd and lascivious act as a Category 2 (permissible lesser) crime. As the supreme court observed in In re Use By the Trial Courts of the Standard Jury Instructions in Criminal Cases, 431 So.2d 594, 597 (Fla.1981), the "schedule will be an authoritative compilation upon which a trial judge should be able to confidently rely." The exclusion of lewd and lascivious act from the list of lesser offenses should not be viewed as a mere *470 inadvertent omission. Even before the schedule's adoption, the court had constructed the following analysis to determine whether a particular offense should be permissibly included within a greater offense: (1) whether the information specifically alleged all the statutory elements of the lesser offense, and (2) whether evidence presented at trial would support the lesser offense. See Brown v. State, 206 So.2d 377, 383 (Fla. 1968). By operation of law, the information in the present case charging capital sexual battery could not also allege all of the statutory elements of lewd and lascivious conduct.
Appellant was accused of committing capital sexual battery in violation of section 794.011(2)(a), because he, a person 18 years of age or older, placed his mouth on the vagina of the victim, a person less than 12 years of age. The allegations clearly comply with the definition of sexual battery.... In defining the offense of a lewd and lascivious act, section 800.04, Florida Statutes (1997), has, by specifically excluding sexual battery as a means of perpetrating such act, removed sexual battery as an element involved in the commission of a lewd and lascivious act....
Thus, the ... provisions make clear that the offenses of sexual battery and lewd and lascivious act are mutually exclusive, a conclusion the Florida Supreme Court reached in State v. Hightower, 509 So.2d 1078, 1079 (Fla.1987). Although the issue raised before the court in Hightower pertained solely to the question of whether a lewd and lascivious act was a necessarily included offense to sexual battery, the court's analysis is broad enough to apply as well to its inclusion as a permissible lesser offense....
The crime of lewd and lascivious conduct cannot ... by operation of law, be considered any category of lesser offense to sexual battery.
Welsh, 816 So.2d at 176-77 (emphasis supplied).
In Welsh, the First District relied on Hightower, in which the issue was whether lewd and lascivious conduct was a necessarily lesser included offense of capital sexual battery. In rejecting this argument in Hightower, we construed the statutory language of section 800.04(1):
[I]t is evident that the phrase "without committing the crime of sexual battery" was included to differentiate between crimes of sexual battery and lewd and lascivious conduct. Had the phrase been excluded, a person having forcible sexual intercourse with a child under sixteen would be guilty of both crimes. As now worded, section 800.04 contemplates that if sexual activity takes place with a person under sixteen years of age which does not constitute the crime of sexual battery, the conduct is deemed to be lewd and lascivious. Thus, the unique language contained in the amendment to section 800.04 makes it clear that these particular crimes are mutually exclusive.
509 So.2d at 1079.
After careful consideration, we adopt the opinion of the First District Court of Appeal in this case and approve Welsh. We also disapprove those statements in King and Velazquez which indicate that a defendant is entitled to an instruction on lewd and lascivious conduct pursuant to section 800.04 as a permissive lesser included offense of capital sexual battery. See Velazquez, 648 So.2d at 305 n. 7; King, 642 So.2d at 649-50. We make clear, however, that the holding regarding permissive included offenses pertains only to the 1997 *471 versions of the applicable statutes.[5]
It is so ordered.[6]
ANSTEAD, C.J., WELLS, PARIENTE, LEWIS, QUINCE, and CANTERO, JJ., and SHAW, Senior Justice, concur.
PARIENTE, J., concurs with an opinion, in which ANSTEAD, C.J., concurs.
PARIENTE, J., concurring.
I concur in the opinion of the majority because I agree that this issue is controlled by this Court's holding in State v. Hightower, 509 So.2d 1078 (Fla.1987), that lewd and lascivious conduct is not a necessarily included lesser offense of capital sexual battery. A necessarily included offense is one in which the statutory elements of the lesser offense are subsumed by the greater offense, as charged. See Brown v. State, 206 So.2d 377, 382 (Fla. 1968); see also Hand v. State, 199 So.2d 100, 103 (Fla.1967) (stating that larceny is necessarily included offense of robbery because robbery is larceny plus force, violence, assault, or putting in fear); Rodriguez v. State, 789 So.2d 513, 514 (Fla. 5th DCA 2001) (stating that simple battery is necessarily included offense of battery of a law enforcement officer). A permissive lesser included offense may or may not be included in the charged offense depending on the pleadings and the evidence. See Amado v. State, 585 So.2d 282, 282 (Fla. 1991).
The Court in Hightower based its holding on the statutory language of section 800.04, Florida Statutes (1983), specifically the inclusion of the phrase "without committing the crime of sexual battery," to conclude that lewd and lascivious conduct was not a necessarily included lesser offense of capital sexual battery. See 509 So.2d at 1079. However, if we were not *472 bound by this Court's precedent in Hightower, I would adopt Justice Shaw's well-reasoned opinion concurring in result only in that case, in which he stated that the inclusion of the phrase "without committing the crime of sexual battery" actually supported the conclusion that section 800.04 was a necessarily included lesser offense of capital sexual battery. As Justice Shaw explained:
The reason this necessarily follows is that we know ... that all separate offenses are subject to separate convictions and sentences, and, if two offenses are not separate, then one must be necessarily included in the other and separate convictions and sentences are prohibited. Thus, if the legislative phrase prohibits separate convictions and sentences, then it can only be that the legislature intended section 800.04 to become a necessarily included lesser offense of section 794.011.
Id. at 1080 (Shaw, J., specially concurring in result only). Justice Shaw further noted that treating lewd and lascivious conduct and sexual battery as two separate offenses had the "undesirable consequences" of permitting either dual convictions or multiple prosecutions for the same act. See id. In Justice Shaw's view, subsection (2) of section 800.04 simply meant that
any defendant who has sexual relations with a child under age sixteen is guilty of lewd and lascivious conduct. However, if the defendant is convicted of sexual battery for the same conduct, he may be convicted only of the greater offense, sexual battery.... [T]his addition makes explicit the subordinate and subsumed relationship of lewd and lascivious behavior with a child as a necessarily included offense of sexual battery.
Id. at 1081. This interpretation is logical to me.
This interpretation is also consistent with the history of section 800.04. Notably, in State v. Lanier, 464 So.2d 1192 (Fla.1985), this Court considered whether a defendant could be convicted of a violation of section 800.04, Florida Statutes (1981), "by engaging in sexual intercourse" with a consenting and previously unchaste twelve-year-old girl. Id. at 1193. At the time of the defendant's conviction in Lanier, section 800.04 read as follows:
Lewd, lascivious or indecent assault or act upon or in presence of child.Any person who shall handle, fondle or make an assault upon any child under the age of 14 years in a lewd, lascivious, or indecent manner, or who shall knowingly commit any lewd or lascivious act in the presence of a such child, without the intent to commit sexual battery shall be guilty of a felony of the second degree....
§ 800.04, Fla. Stat. (1981). The Third District reversed the defendant's conviction, see Lanier v. State, 443 So.2d 178 (Fla. 3d DCA 1983), but this Court quashed the district court's decision. See Lanier, 464 So.2d at 1193.
This Court noted that shortly after the Third District reversed the defendant's conviction, the Legislature passed chapter 84-86, Laws of Florida, amending section 800.04 "to specifically cover the acts" committed by the defendant in Lanier. Lanier, 464 So.2d at 1193. The amended section read:
800.04 Lewd, lascivious, or indecent assault or act upon or in presence of a child; sexual battery.Any person who:
(1) Handles, fondles, or makes an assault upon any child under the age of 16 years in a lewd, lascivious, or indecent manner;

*473 (2) Commits an act defined as sexual battery under s. 794.011(1)(h) upon any child under the age of 16 years; or
(3) Knowingly commits any lewd or lascivious act in the presence of any child under the age of 16 years
without committing the crime of sexual battery is guilty of a felony of the second degree.... Neither the victim's lack of chastity nor the victim's lack of consent is a defense to the crime proscribed by this section.

§ 800.04, Fla. Stat. (Supp.1984) (emphasis supplied). The preamble to the amendment read in part:
Whereas, the intent of the Legislature was and remains to prohibit lewd and lascivious acts upon children, including sexual intercourse and other acts defined as sexual battery, without regard either to the victim's consent or the victim's prior chastity....
Ch. 84-86, Laws of Florida.
As this Court recognized in Hightower, the statute was amended in 1984 only to ensure that the victim's lack of chastity would not be a defense to the crime of lewd and lascivious acts upon a minor and in specific response to the Third District's contrary holding in Lanier. See Hightower, 509 So.2d at 1079. Thus, there is simply nothing in the history of the addition of the phrase "without committing the crime of sexual battery" to section 800.04 which indicates that the Legislature intended to exclude lewd and lascivious conduct as a necessarily included offense of capital sexual battery.[7]
The bottom line is that it is impossible to commit sexual battery without also committing a lewd and lascivious act. For example, in McConn v. State, 648 So.2d 837, 837 (Fla. 2d DCA 1995), the defendant was charged with two separate counts of both sexual battery and lewd and lascivious conduct based on the same two encounters. 648 So.2d at 837. The lewd and lascivious counts alleged that the defendant placed his exposed penis between the legs of the victim in violation of section 800.04(1), and the sexual battery counts alleged that the defendant penetrated the victim. See id. at 838. The defendant argued that he could not be convicted of both crimes because the conduct of placing his exposed penis between the legs of the victim was incorporated within the crime of the sexual activity alleged in the information. See id. The State argued that it could divide the crime into two sequential offenses. See id. The Second District rejected the State's argument and noted that
[f]rom a practical standpoint ... it is impossible to commit the sexual activity alleged in the information [penile penetration] without committing the lewd act [placing the exposed penis between the legs of the victim] in the process. Thus, under the evidence and the allegations of the information, lewd and lascivious conduct was a lesser included offense of the charged sexual activity.
Id. at 839.
The defendant in this case engaged in oral-vaginal contact with a child less than *474 twelve years of age, conduct that constitutes the crime of capital sexual battery and carries with it the statutorily mandated term of life in prison.[8] Although the jury was instructed on the lesser included offenses of battery and assault, an instruction on lewd and lascivious assault would have given the jury a basis to convict the defendant of a lesser sex crime.
However, considering the precedent of this Court's opinion in Hightower, as well as the trial court's adherence to the Schedule of Lesser Included Offenses set forth in the Florida Standard Jury Instructions in Criminal Cases,[9] I cannot conclude that the trial court erred in denying Welsh an instruction on lewd and lascivious conduct as a permissive lesser included offense of capital sexual battery. Accordingly, I concur with the majority's approval of the First District opinion.
ANSTEAD, C.J., concurs.
NOTES
[1] The crime of sexual battery on a child less than twelve set forth in Florida Statutes section 794.011(2)(a) is referred to as "capital" sexual battery because the crime historically has been statutorily punishable by death. However, in Buford v. State, 403 So.2d 943, 951 (Fla.1981), this Court determined that the sentence of death for the crime of "capital sexual battery" constituted cruel and unusual punishment in violation of the Eighth Amendment.
[2] A defendant is generally entitled to a jury instruction on a permissive lesser included offense depending on (a) the accusatory pleadings, and (b) the evidence at trial. See Brown v. State, 206 So.2d 377, 382 (Fla.1968). In other words, the indictment must allege all of the statutory elements of the permissive lesser included offense, and there must be some evidence adduced at trial establishing all of the elements of the permissive lesser. See Jones v. State, 666 So.2d 960, 963 (Fla. 3d DCA 1996).
[3] Section 794.011, entitled "Sexual battery," provides in pertinent part:

(1) As used in the chapter:
....
(h) "Sexual battery" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose.
....
(2)(a) A person 18 years of age or older who commits sexual battery upon, or in an attempt to commit sexual battery injures the sexual organs of, a person less than 12 years of age commits a capital felony, punishable as provided in ss. 775.082 and 921.141.
§ 794.011, Fla. Stat. (1997).
[4] Section 800.04 entitled "Lewd, lascivious, or indecent assault or act upon or in the presence of child," provides:

A person who:
(1) Handles, fondles, or assaults any child under the age of 16 years in a lewd, lascivious, or indecent manner;
(2) Commits actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sadomasochistic abuse, actual lewd exhibition of the genitals, or any act or conduct which simulates that sexual battery is being or will be committed upon any child under the age of 16 years or forces or entices the child to commit any such act;
(3) Commits an act defined as sexual battery under s. 794.011(1)(h) upon any child under the age of 16 years; or
(4) Knowingly commits any lewd or lascivious act in the presence of any child under the age of 16 years,
without committing the crime of sexual battery, commits a felony of the second degree....
§ 800.04, Fla. Stat. (1997) (emphasis supplied).
[5] Section 800.04 was substantially amended in 1999. The statute both eliminates the cross-reference to section 794.011(1)(h) and the language "without committing the crime of sexual battery." We express no opinion as to the effect of these statutory changes on whether lewd and lascivious conduct is a necessary or permissive lesser included offense of capital sexual battery. Currently, the pertinent sections of the statute read:

800.04 Lewd or lascivious offenses committed upon or in the presence of persons less than 16 years of age.
(1) DEFINITIONS.As used in this section:
(a) "Sexual activity" means the oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object....
....
(4) LEWD OR LASCIVIOUS BATTERY.A person who:
(a) Engages in sexual activity with a person 12 years of age or older but less than 16 years of age;....
....
commits lewd or lascivious battery....
(5) LEWD OR LASCIVIOUS MOLESTATION.
(a) A person who intentionally touches in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them, of a person less than 16 years of age, or forces or entices a person under 16 years of age to so touch the perpetrator, commits lewd and lascivious molestation.
....
(6) LEWD OR LASCIVIOUS CONDUCT.
(a) A person who:
1. Intentionally touches a person under 16 years of age in a lewd and lascivious manner....
....
commits lewd or lascivious conduct.
§ 800.04, Fla. Stat. (2002).
[6] We decline to address the other issues raised by Welsh that are not the basis of our jurisdiction. See Wood v. State, 750 So.2d 592, 595 n. 3 (Fla.1999) (declining to address issues beyond the scope of the certified conflict).
[7] Judge Zehmer made this point in dissent in O'Bright v. State, 508 So.2d 385 (Fla. 1st DCA 1987), when he stated:

But in view of the legislature's forceful expression in the preamble to chapter 84-86 of its intent to include within the ambit of 800.04 offenses acts amounting to sexual battery irrespective of consent and prior unchastity, I would conclude that one may be convicted of violating any subsection of section 800.04 even though the acts constituting fondling ... may also satisfy the definition of sexual battery under section 794.011(1)(h)....
Id. at 389 (Zehmer, J., dissenting). The history of section 800.04 is described in great detail in Judge Zehmer's dissent in this case.
[8] As to Welsh's claim that life imprisonment without the possibility of parole for the crime of capital sexual battery without penile/vaginal union constitutes cruel and unusual punishment, this issue was not addressed by the First District and only summarily briefed in this Court. In my view, the constitutionality of a mandatory punishment of life imprisonment for the specific crime of sexual battery without penile/vaginal union is a significant concern. As the Second District has observed in holding that life imprisonment without parole is not unconstitutional punishment for penile-vaginal capital sexual battery,

[t]here is reason to be concerned that family members who know about the severity of this penalty will hesitate or even refuse to report intrafamily sexual battery, or choose not to cooperate with its prosecution. The eloquent juror in this case demonstrates that jurors who understand the law may choose to exercise their options of jury pardon in some cases. Thus, there is a possibility this inflexible mandatory penalty of life imprisonment may result in fewer convictions for this type of sexual predation than a more flexible penalty. As a result, this more severe punishment may ultimately prove to be a lesser deterrent than a more flexible penalty.
Gibson v. State, 721 So.2d 363, 370 (Fla. 2d DCA 1998).
[9] The Schedule does not list the offense of lewd and lascivious act as a Category 2 (permissible lesser) crime.