**Raashan COLEY, aka Raashan Fatim Cooley, Petitioner—Appellant,**

v.

**Brian BELLEQUE, Superintendent of the Oregon State Penitentiary, Respondent—Appellee.**

No. 06–35443.

United States Court of Appeals, Ninth Circuit.

Submitted March 5, 2007.*

Filed May 09, 2007.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Nell Brown, Assistant Public Defender, Steven T. Wax, Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Lynn David Larsen, Esq., Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: GOULD, PAEZ, and RAWLINSON, Circuit Judges.

MEMORANDUM [**]

Raashan Coley appeals the district's court denial of his petition for habeas relief under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court determined that Coley procedurally defaulted his claims because he did not fairly present them in state court and the time to do so had expired. *Coley v. Belleque*, No. 03–569–HO, 2006 WL 1007248, at *1 (D.Or. Apr.13, 2006). The district court also held that Coley's petition would fail on the merits even if he had not procedurally defaulted. *Id.* at * 1–2.

We review de novo a district court's order denying a petition for a writ of habeas corpus. *Lopez v. Thompson*, 202 F.3d 1110, 1116 (9th Cir.2000) (en banc). Because Coley filed his petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the scope of our review of the state court's decision. Under AEDPA, we may directly address the merits of a habeas petition, without considering whether a petitioner's claims were properly exhausted in the state courts, "only when it is perfectly clear that the applicant does not raise even a colorable federal claim." *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir.2005). Because Coley's federal claims are not colorable, we need not address the issues of exhaustion and procedural default.

Normally, we review the last reasoned state court decision under AEDPA's deferential standard. *See Plumlee v. Del Papa*, 465 F.3d 910, 918 (9th Cir.2006); *see also* 28 U.S.C. § 2254(d). However, we review a petitioner's federal claims de novo where "there is no state court decision ... to which to accord deference." *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002). Here, the last state court to adjudicate Coley's federal claims on the merits ruled in his favor. Therefore, there is no state court decision to which to accord deference, and we review Coley's federal claims de novo.

The federal rule of lenity is one of "three related manifestations of the fair warning requirement" of the Due Process Clause. *United States v. Lanier*, 520 U.S. 259, 266, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997). "Under the rule of lenity, when a criminal statute is ambiguous, we interpret the statute in favor of the defendant." *United States v. Wyatt*, 408 F.3d 1257, 1262 (9th Cir.2005). However, we apply

[**] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

the rule "only when there is grievous ambiguity or uncertainty in the statute and when, after seizing everything from which aid can be derived, we can make no more than a guess as to what [the legislature] intended." *Id.*

Interpreting Oregon Revised Statute § 137.707 in light of longstanding common law, the statute is unambiguous and the rule of lenity does not apply. Under the common law "indivisible day" rule, each day is treated "as an indivisible unit." *First Nat. Bank of Cincinnati v. Burkhardt,* 100 U.S. 686, 689, 25 L.Ed. 766 (1879); *see also State v. Hansen,* 304 Or. 169, 743 P.2d 157, 158 (1987) ("In calculating the passage of time, the common law treated each day as an indivisible unit...").[1] Oregon's interpretation of the statute was not new and unforeseeable, and applying this interpretation to Coley did not violate his right to fair warning under *Bouie v. City of Columbia,* 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964). Also, Coley has not shown that the State violated its own laws in interpreting and applying the statute. *Cf. Hicks v. Oklahoma,* 447 U.S. 343, 346, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980). Finally, because these claims are without merit, Coley's appellate counsel did not provide ineffective assistance by not raising them before the Oregon Court of Appeals. *See Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**AFFIRMED.**

---

**1.** Because of this rule, state courts interpreting similar provisions of criminal statutes have consistently found that birthdays are not further divisible. *See Velazquez v. State,* 648 So.2d 302, 303–04 (Fla.Dist.Ct.App.1995); *Matter of Robinson,* 120 N.C.App. 874, 464 S.E.2d 86, 88 (1995); *State v. Clark,* 84 Ohio App.3d 789, 618 N.E.2d 257, 258–59 (1993); *Ellingham v. Morton,* 116 A.D.2d 1032, 498 N.Y.S.2d 650, 651 (N.Y.App.Div.1986); *People v. Anderson,* 108 Ill.App.3d 563, 64 Ill.Dec. 136, 439 N.E.2d 65, 71–72 (1982); *State v. Brown,* 443 S.W.2d 805, 806–07 (Mo.1969); *State v. Mason,* 66 N.C. 636 (N.C.1872).